**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| **IN RE MCLEAN DATA BREACH LITIGATION** | Case No. 3:25-cv-00461-RCY<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT** |

Defendant McLean Mortgage Corporation ("McLean" or "Defendant") hereby submits Defendant's Answer and Affirmative Defenses to Plaintiffs' Consolidated Class Action Complaint ("CCAC") filed by Plaintiffs Jayaprakash Radhakrishnan ("Radhakrishnan"), Micah Parks ("Parks"), and Priscilla Millberry ("Millberry") (collectively "Plaintiffs"). McLean incorporates the headings of the CCAC for reference only. For its Answer and Affirmative Defenses, McLean states the following:

## <u>GENERAL DENIAL</u>

To the extent permitted under the Federal Rules of Civil Procedure and unless otherwise expressly admitted below, McLean enters a general denial of all allegations contained in the CCAC.

## INTRODUCTION

1. McLean states that the allegations in Paragraph 1 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean denies the remaining allegations in Paragraph 1.

2.      McLean admits the allegations in Paragraph 2.

3.      McLean admits that on or around October 17, 2024, McLean identified suspicious activity within its digital systems ("Incident"). McLean admits that the investigation of the Incident determined that certain files within its network may have been downloaded without authorization and that certain information relating to 30,453 individuals may have been involved. McLean denies the remaining allegations in Paragraph 3.

4.      McLean admits that the information potentially involved in the Incident varied among individuals and may have included first and last name in combination with one or more of the following: Social Security number, health insurance information, financial account number, driver's license number, and passport number. McLean denies the remaining allegations in Paragraph 4.

5.      McLean admits that the investigation of the Incident determined that certain files within its network may have been downloaded without authorization and that certain information relating to individuals, including Plaintiffs, may have been involved. McLean denies the remaining allegations in Paragraph 5.

6.      McLean states that the allegations in Paragraph 6 regarding causation are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 6 and therefore denies the same.

7.      McLean denies the allegations in Paragraph 7.

8.      McLean states that the allegations in Paragraph 8 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required,

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION
COMPLAINT

McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8 and therefore denies the same.

9. McLean denies the allegations in Paragraph 9.

10. McLean states that the allegations in Paragraph 10 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 10 and therefore denies the same.

11. McLean denies the allegations in Paragraph 11.

12. McLean states that the allegations in Paragraph 12 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

## THE PARTIES

13. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 13 and therefore denies the same.

14. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 14 and therefore denies the same.

15. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 15 and therefore denies the same.

16. McLean admits the allegations in Paragraph 16.

## JURISDICTION AND VENUE

17. McLean states that the allegations in Paragraph 17 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

18. McLean admits that its principal place of business is located in Fairfax, Virginia. McLean states that the remaining allegations in Paragraph 18 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

19. McLean admits that its principal place of business is located in Fairfax, Virginia. McLean states that the remaining allegations in Paragraph 19 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

## FACTUAL ALLEGATIONS

### Defendant's Business

20. McLean admits the allegations in Paragraph 20.

21. McLean admits that Plaintiffs and putative class members, who are current or former McLean customers and/or employees, provided certain information to McLean as part of the employer-employee relationship and/or in the course of McLean providing financial services. McLean denies the remaining allegations in Paragraph 21.

22. McLean admits that some of the information related to individuals that was potentially involved in the Incident was unencrypted. McLean denies the remaining allegations in Paragraph 22.

23. McLean admits that its website contains a Website Privacy Policy and that it provides a Consumer Privacy Notice to all of its individual customers. McLean denies the remaining allegations in Paragraph 23.

24. McLean admits that its public facing website contains a Website Privacy Policy and that it contains the language quoted in Paragraph 24. McLean denies the remaining allegations in Paragraph 24.

25. McLean denies the allegations in Paragraph 25.

26. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 26 regarding Plaintiffs' and putative class members' expectations or beliefs and therefore denies the same. McLean states that the allegations in Paragraph 26 regarding the reasonableness of those expectations or beliefs and any obligations of McLean are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean denies the remaining allegations in Paragraph 26.

27. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 27 and therefore denies the same.

28. McLean states that the allegations in Paragraph 28 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

29. McLean states that the allegations in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

30. McLean admits that its Website Privacy Policy states that McLean provides a Consumer Privacy Notice to all of its individual customers. McLean admits that the link to the Consumer Privacy Notice within its Website Privacy Policy links to https://www.ftc.gov/business-guidance/privacy-security. McLean denies the remaining allegations in Paragraph 30.

31. McLean denies the allegations in Paragraph 31.

32. McLean states that the allegations in Paragraph 32 regarding duty are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean denies the remaining allegations in Paragraph 32.

**The Data Breach and Defendant's Belated Notice**

33. McLean admits that on or about June 11, 2025, it sent notification letters to individuals whose information may have been involved in the Incident. McLean denies that the language quoted in Paragraph 33 appeared in the notification letters it sent to individuals. McLean denies the remaining allegations in Paragraph 33.

34. McLean admits that the information potentially involved in the Incident varied among individuals and may have included first and last name in combination with one or more of the following: Social Security number, driver's license number, and financial account number. McLean denies the remaining allegations in Paragraph 34.

35. McLean admits that an unknown actor or group identifying themselves as "Black Basta" claimed credit for the Incident and posted certain data to the dark web. McLean denies the allegations in Paragraph 35 regarding the adequacy of its computer system security. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 35 and therefore denies the same.

36. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 36 and therefore denies the same.

37. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 37 and therefore denies the same.

38. McLean denies the allegations in Paragraph 38.

39. McLean admits that the investigation of the Incident determined that certain files within its network may have been downloaded without authorization and that certain information

relating to individuals, including Plaintiffs and putative class members, may have been involved. McLean denies the remaining allegations in Paragraph 39.

40. McLean admits that the investigation of the Incident determined that certain files within its network may have been downloaded without authorization and that certain information relating to individuals, including Plaintiffs and putative class members, may have been involved. McLean admits that the information potentially involved in the Incident varied among individuals and may have included first and last name and, for certain individuals, Social Security number. McLean denies the remaining allegations in Paragraph 40.

41. McLean denies the allegations in Paragraph 41.

42. McLean admits that the investigation of the Incident determined that certain files within its network may have been downloaded without authorization and that certain information relating to individuals, including Plaintiffs, may have been involved. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 42 and therefore denies the same.

43. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 43 and therefore denies the same.

44. McLean states that the allegations in Paragraph 44 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

45. McLean denies the allegations in Paragraph 45.

46. McLean admits that the information potentially involved in the Incident relating to Plaintiffs included their Social Security numbers. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 46 and therefore denies the same.

47.     McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 47 and therefore denies the same.

48.     McLean denies the allegations in Paragraph 48.

49.     McLean denies the allegations in Paragraph 49.

50.     McLean denies the allegations in Paragraph 50.

51.     McLean admits that some of the information related to individuals that was potentially involved in the Incident was unencrypted. McLean denies the remaining allegations in Paragraph 51.

52.     McLean admits that Plaintiffs and putative class members provided certain information to McLean as part of the employer-employee relationship and/or in the course of McLean providing financial services. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 52 and therefore denies the same.

53.     McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 53 and therefore denies the same.

54.     McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 54 and therefore denies the same.

55.     McLean states that the allegations in Paragraph 55 regarding duty are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean denies the remaining allegations in Paragraph 55.

56.     McLean denies the allegations in Paragraph 56, including all subparts a through o.

57.     McLean denies the allegations in Paragraph 57.

58.     McLean states that the allegations in Paragraph 58 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required,

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 58 and therefore denies the same.

**Defendant Acquired, Collected, and Stored Plaintiffs' and Class Members' Private Information**

59. McLean admits that Plaintiffs and putative class members provided certain information to McLean as part of the employer-employee relationship and/or in the course of McLean providing financial services. McLean denies the remaining allegations in Paragraph 59.

60. McLean admits that it retained and stored certain information Plaintiffs and putative class members provided to McLean as part of the employer-employee relationship and/or in the course of McLean providing financial services. McLean denies the remaining allegations in Paragraph 60.

61. McLean states that the allegations in Paragraph 61 regarding duty are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean denies the remaining allegations in Paragraph 61.

62. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 62 and therefore denies the same.

63. McLean denies the allegations in Paragraph 63.

64. McLean admits that it provides a Consumer Privacy Notice to all of its individual customers. McLean denies the remaining allegations in Paragraph 64.

65. McLean denies the allegations in Paragraph 65.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

**Defendant Knew or Should Have Known of the Risk of a Cyber Attack Because Entities in Possession of Private Information Are Particularly Suspectable to Cyber Attacks**

66. McLean denies the allegations in Paragraph 66 regarding McLean's knowledge and understanding. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 66 and therefore denies the same.

67. McLean states that the allegations in Paragraph 67 regarding obligation are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 67 and therefore denies the same.

68. McLean denies the allegations in Paragraph 68 regarding McLean's knowledge. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 68 and therefore denies the same.

69. McLean denies the allegations in Paragraph 69 regarding McLean's knowledge. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 69 and therefore denies the same.

70. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 70 and therefore denies the same.

71. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 71 and therefore denies the same.

72. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 72 and therefore denies the same.

73. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 73 and therefore denies the same.

74. McLean denies the allegations in Paragraph 74.

75. McLean denies the allegations in Paragraph 75.

76. McLean denies the allegations in Paragraph 76.

77. McLean states that the allegations in Paragraph 77 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean denies the remaining allegations in Paragraph 77.

78. McLean denies the allegations in Paragraph 78.

79. McLean denies the allegations in Paragraph 79.

**The Data Breach was Preventable**

80. McLean states that the allegations in Paragraph 80 regarding duty are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean denies the remaining allegations in Paragraph 80.

81. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 81 and therefore denies the same.

82. McLean denies the allegations in Paragraph 82.

83. McLean denies the allegations in Paragraph 83.

84. McLean denies the allegations in Paragraph 84.

85. McLean denies the allegations in Paragraph 85.

86. McLean denies the allegations in Paragraph 86.

87. McLean denies the allegations in Paragraph 87.

88. McLean denies the allegations in Paragraph 88.

89. McLean denies the allegations in Paragraph 89.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

90. McLean denies the allegations in Paragraph 90.

91. McLean denies the allegations in Paragraph 91.

92. McLean denies the allegations in Paragraph 92.

**Cyber Criminals Will Continue to Use Plaintiffs' and Class Members' Private Information to Defraud Them or to Sell on the Dark Web**

93. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 93 and therefore denies the same.

94. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 94 and therefore denies the same.

95. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 95 and therefore denies the same.

96. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 96 and therefore denies the same.

97. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 97 and therefore denies the same.

98. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 98 and therefore denies the same.

99. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 99 and therefore denies the same.

100. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 100 and therefore denies the same.

101. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 101 and therefore denies the same.

102. McLean admits that the information potentially involved in the Incident varied among individuals and may have included, for certain individuals, their Social Security number. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 102 and therefore denies the same.

103. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 103 and therefore denies the same.

104. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 104 and therefore denies the same.

105. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 105 and therefore denies the same.

106. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 106 and therefore denies the same.

107. McLean states that the allegations in Paragraph 107 regarding causation, traceability, and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 107 and therefore denies the same.

108. McLean denies the allegations in Paragraph 108.

109. McLean states that the allegations in Paragraph 109 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 109 and therefore denies the same.

110. McLean states that the allegations in Paragraph 110, including all subparts a through k, regarding causation and injury are legal conclusions to which no response is required.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 110, including all subparts a through k, and therefore denies the same.

111. McLean denies the allegations in Paragraph 111.

112. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 112 and therefore denies the same.

113. McLean denies the allegations in Paragraph 113.

**<u>Defendant Could Have Prevented the Data Breach but Failed to Adequately Protect Plaintiffs' and Class Members' Private Information</u>**

114. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 114 and therefore denies the same.

115. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 115 and therefore denies the same.

***<u>Defendant Failed to Comply with FTC Guidelines</u>***

116. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 116 and therefore denies the same.

117. McLean states that the allegations in Paragraph 117 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

118. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 118 and therefore denies the same.

119. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 119 and therefore denies the same.

120. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 120 and therefore denies the same.

121. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 121 and therefore denies the same.

122. McLean states that the allegations in Paragraph 122 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

123. McLean denies the allegations in Paragraph 123.

124. McLean states that the allegations in Paragraph 124 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

125. McLean denies the allegations in Paragraph 125.

### *Defendant Owed Plaintiffs and Class Members a Duty Under Industry Standards and Applicable Law to Safeguard their Private Information*

126. McLean states that the allegations in Paragraph 126 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

127. McLean states that the allegations in Paragraph 127 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

128. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 128 and therefore denies the same.

129. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 129 and therefore denies the same.

130. McLean denies the allegations in Paragraph 130.

131. McLean denies the allegations in Paragraph 131.

132. McLean denies the allegations in Paragraph 132.

133. McLean denies the allegations in Paragraph 133.

134. McLean states that the allegations in Paragraph 134 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

135. McLean states that the allegations in Paragraph 135 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

136. McLean states that the allegations in Paragraph 136 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

137. McLean states that the allegations in Paragraph 137 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

**The Data Breach Increases Plaintiffs' and Class Members' Risk of Suffering Additional Instances of Identity Theft**

138. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 138 and therefore denies the same.

139. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 139 and therefore denies the same.

140. McLean denies the allegations in Paragraph 140.

141. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 141 and therefore denies the same.

142. McLean states that the allegations in Paragraph 142 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

143. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 143 and therefore denies the same.

144. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 144 and therefore denies the same.

145. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 145 and therefore denies the same.

146. McLean states that the allegations in Paragraph 146 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 146 and therefore denies the same.

147. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 147 and therefore denies the same.

148. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 148 and therefore denies the same.

149. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 149 and therefore denies the same.

150. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 150 and therefore denies the same.

151. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 151 and therefore denies the same.

152. McLean states that the allegations in Paragraph 152 are legal conclusions to which no response is required. To the extent a response is required, McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 152 and therefore denies the same.

**Loss of Time to Mitigate the Risk of Identity Theft and Fraud**

153.   McLean admits that it sent notification letters to certain individuals informing them that some of their information may have been involved in the Incident. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 153 and therefore denies the same.

154.   McLean states that the allegations in Paragraph 154 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same

155.   McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 155 and therefore denies the same.

156.   McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 156 and therefore denies the same.

157.   McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 157 and therefore denies the same.

158.   McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 158 and therefore denies the same.

159.   McLean denies the allegations in Paragraph 159.

**Diminution of Value of Private Information**

160.   McLean states that the allegations in Paragraph 160 are legal conclusions to which no response is required. To the extent a response is required, McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 160 and therefore denies the same.

161.   McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 161 and therefore denies the same.

162. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 162 and therefore denies the same.

163. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 163 and therefore denies the same.

164. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 164 and therefore denies the same.

165. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 165 and therefore denies the same.

166. McLean denies the allegations in Paragraph 166.

167. McLean states that the allegations in Paragraph 167 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 167 and therefore denies the same.

168. McLean states that the allegations in Paragraph 168 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 168 and therefore denies the same.

169. McLean denies the allegations in Paragraph 169.

170. McLean states that the allegations in Paragraph 170 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

**The Future Cost of Credit and Identity Theft Monitoring Is Reasonable and Necessary**

171. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 171 and therefore denies the same.

172. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 172 and therefore denies the same.

173. McLean states that the allegations in Paragraph 173 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

174. McLean lacks sufficient knowledge or information to admit or deny the allegations regarding the retail cost of credit monitoring and identity theft monitoring in Paragraph 174 and therefore denies the same. McLean states that the remaining allegations in Paragraph 174 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

## PLANTIFFS' EXPERIENCES

### *Plaintiff Jayaprakash Radhakrishnan*

175. McLean admits that the notification letter it sent to Radhakrishnan was dated June 11, 2025, and that it stated certain information related to Radhakrishnan, including his Social Security number, was potentially involved in the Incident. McLean lacks sufficient knowledge or information to admit or deny the allegations regarding Radhakrishnan's receipt of the notification letter and therefore denies the same. McLean denies the remaining allegations in Paragraph 175.

176. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 176 and therefore denies the same.

177. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 177 and therefore denies the same.

178. McLean denies the allegations in Paragraph 178.

179. McLean states that the allegations in Paragraph 179 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

180. McLean states that the allegations in Paragraph 180 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 180 and therefore denies the same.

181. McLean denies the allegations in Paragraph 181.

182. McLean states that the allegations in Paragraph 182 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 182 and therefore denies the same.

183. McLean admits that the notification letters it sent to individuals regarding the Incident recommended they take certain actions as a precautionary measure, offered complimentary identity protection services, and provided information regarding their right to place a security freeze on their credit file. McLean denies the remaining allegations in Paragraph 183.

184. McLean states that the allegations in Paragraph 184 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 184 and therefore denies the same.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

185. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 185 and therefore denies the same.

186. McLean states that the allegations in Paragraph 186 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

*Plaintiff Micah Parks*

187. McLean admits that the notification letter it sent to Parks was dated June 11, 2025, and that it stated certain information related to Parks, including his Social Security number, was potentially involved in the Incident. McLean lacks sufficient knowledge or information to admit or deny the allegations regarding Parks's receipt of the notification letter and therefore denies the same. McLean denies the remaining allegations in Paragraph 187.

188. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 188 and therefore denies the same.

189. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 189 and therefore denies the same.

190. McLean denies the allegations in Paragraph 190.

191. McLean states that the allegations in Paragraph 191 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

192. McLean states that the allegations in Paragraph 192 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 192 and therefore denies the same.

193. McLean denies the allegations in Paragraph 193.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

194. McLean states that the allegations in Paragraph 194 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 194 and therefore denies the same.

195. McLean admits that the notification letters it sent to individuals regarding the Incident recommended they take certain actions as a precautionary measure, offered complimentary identity protection services, and provided information regarding their right to place a security freeze on their credit file. McLean denies the remaining allegations in Paragraph 195.

196. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 196 and therefore denies the same.

197. McLean states that the allegations in Paragraph 197 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

198. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 198 and therefore denies the same.

199. McLean states that the allegations in Paragraph 199 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

### *Plaintiff Priscilla Millberry*

200. McLean admits that the notification letter it sent to Millberry was dated June 11, 2025, and that it stated certain information related to Millberry, including her Social Security number, was potentially involved in the Incident. McLean lacks sufficient knowledge or

information to admit or deny the allegations regarding Millberry's receipt of the notification letter and therefore denies the same. McLean denies the remaining allegations in Paragraph 200.

201. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 201 and therefore denies the same.

202. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 202 and therefore denies the same.

203. McLean denies the allegations in Paragraph 203.

204. McLean states that the allegations in Paragraph 204 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

205. McLean states that the allegations in Paragraph 205 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 205 and therefore denies the same.

206. McLean denies the allegations in Paragraph 206.

207. McLean states that the allegations in Paragraph 207 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 207 and therefore denies the same.

208. McLean admits that the notification letters it sent to individuals regarding the Incident recommended they take certain actions as a precautionary measure, offered complimentary identity protection services, and provided information regarding their right to place a security freeze on their credit file. McLean denies the remaining allegations in Paragraph 208.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

209. McLean states that the allegations in Paragraph 209 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 209 and therefore denies the same.

210. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 210 and therefore denies the same.

211. McLean states that the allegations in Paragraph 211 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

## CLASS ACTION ALLEGATIONS

212. McLean states that the allegations in Paragraph 212 are legal conclusions to which no response is required. To the extent a response is required, McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 212 and therefore denies the same.

213. McLean states that the allegations in Paragraph 213 are legal conclusions to which no response is required. To the extent a response is required, McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 213 and therefore denies the same.

214. McLean states that the allegations in Paragraph 214 are legal conclusions to which no response is required. To the extent a response is required, McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 214 and therefore denies the same.

215. McLean states that the allegations in Paragraph 215 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

216. McLean states that the allegations in Paragraph 216, including all subparts a through h, are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

217. McLean states that the allegations in Paragraph 217 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

218. McLean states that the allegations in Paragraph 218 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

219. McLean states that the allegations in Paragraph 219 are legal conclusions to which no response is required. To the extent a response is required, McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 219 and therefore denies the same.

220. McLean states that the allegations in Paragraph 220 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

221. McLean states that the allegations in Paragraph 221 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

222. McLean states that the allegations in Paragraph 222 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

223. McLean states that the allegations in Paragraph 223, including all subparts a through f, are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

# CAUSES OF ACTION

## COUNT I
### Negligence
### *(On behalf of Plaintiffs and the Class)*

224. McLean incorporates by reference its responses to Paragraphs 1 through 223 of the CCAC as if fully set forth herein.

225. McLean admits that Plaintiffs and putative class members provided certain information to McLean as part of the employer-employee relationship and/or in the course of McLean providing financial services. McLean denies the remaining allegations in Paragraph 225.

226. McLean admits that it received and stored certain information Plaintiffs and putative class members provided to McLean as part of the employer-employee relationship and/or in the course of McLean providing financial services. McLean denies the remaining allegations in Paragraph 226.

227. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 227 regarding Plaintiffs' and putative class members' expectations or beliefs and therefore denies the same. McLean denies the remaining allegations in Paragraph 227.

228. McLean denies the allegations in Paragraph 228.

229. McLean states that the allegations in Paragraph 229 regarding duty are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean denies the remaining allegations in Paragraph 229.

230. McLean states that the allegations in Paragraph 230 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

231. McLean states that the allegations in Paragraph 231 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

232. McLean states that the allegations in Paragraph 232 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

233. McLean states that the allegations in Paragraph 233 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

234. McLean states that the allegations in Paragraph 234 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

235. McLean denies the allegations in Paragraph 235.

236. McLean denies the allegations in Paragraph 236.

237. McLean denies the allegations in Paragraph 237.

238. McLean denies the allegations in Paragraph 238.

239. McLean denies the allegations in Paragraph 239.

240. McLean denies the allegations in Paragraph 240.

241. McLean denies the allegations in Paragraph 241.

242. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 242 and therefore denies the same.

243. McLean states that the allegations in Paragraph 243 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

244. McLean states that the allegations in Paragraph 244 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

245. McLean denies the allegations in Paragraph 245.

246. McLean states that the allegations in Paragraph 246 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

247. McLean states that the allegations in Paragraph 247 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean denies the remaining allegations in Paragraph 247.

248. McLean states that the allegations in Paragraph 248 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

249. McLean states that the allegations in Paragraph 249 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 249 and therefore denies the same.

250. McLean states that the allegations in Paragraph 250 regarding causation and injury are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean denies the remaining allegations in Paragraph 250.

251. McLean states that the allegations in Paragraph 251 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

252. McLean states that the allegations in Paragraph 252 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

## <u>COUNT II</u>
### Breach of Implied Contract
### *(On behalf of Plaintiffs and the Class)*

253. McLean incorporates by reference its responses to Paragraphs 1 through 223 of the CCAC as if fully set forth herein.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

254. McLean admits that Plaintiffs and putative class members provided certain information to McLean as part of the employer-employee relationship and/or in the course of McLean providing financial services. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 254 regarding Plaintiffs' and putative class members' expectations or beliefs and therefore denies the same. McLean denies the remaining allegations in Paragraph 254.

255. McLean admits that Plaintiffs and putative class members provided certain information to McLean as part of the employer-employee relationship and/or in the course of McLean providing financial services. McLean denies the remaining allegations in Paragraph 255.

256. McLean denies the allegations in Paragraph 256.

257. McLean states that the allegations in Paragraph 257 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

258. McLean denies the allegations in Paragraph 258.

259. McLean states that the allegations in Paragraph 259 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

260. McLean states that the allegations in Paragraph 260 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

261. McLean states that the allegations in Paragraph 261 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

262. McLean states that the allegations in Paragraph 262 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

## COUNT III
## Unjust Enrichment
### *(On behalf of Plaintiffs and the Class)*

263. McLean incorporates by reference its responses to Paragraphs 1 through 223 of the CCAC as if fully set forth herein.

264. McLean states that the allegations in Paragraph 264 are legal conclusions to which no response is required. To the extent a response is required, McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 264 and therefore denies the same.

265. McLean denies the allegations in Paragraph 265.

266. McLean denies the allegations in Paragraph 266.

267. McLean lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 267 regarding Plaintiffs' and putative class members' expectations or beliefs and therefore denies the same. McLean states that the allegations in Paragraph 267 regarding the reasonableness of those expectations or beliefs and any obligations of McLean are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same. McLean denies the remaining allegations in Paragraph 267.

268. McLean denies the allegations in Paragraph 268.

269. McLean denies the allegations in Paragraph 269.

270. McLean states that the allegations in Paragraph 270 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

271. McLean states that the allegations in Paragraph 271 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

272. McLean denies the allegations in Paragraph 272.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

## COUNT IV
## Declaratory Judgment
### *(On behalf of Plaintiffs and the Class)*

273. McLean incorporates by reference its responses to Paragraphs 1 through 223 of the CCAC as if fully set forth herein.

274. McLean states that the allegations in Paragraph 274 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

275. McLean denies the allegations in Paragraph 275.

276. McLean denies the allegations in Paragraph 276, including all subparts a through d.

277. McLean denies the allegations in Paragraph 277.

278. McLean states that the allegations in Paragraph 278 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

279. McLean states that the allegations in Paragraph 279 are legal conclusions to which no response is required. To the extent a response is required, McLean denies the same.

280. McLean denies the allegations in Paragraph 280.

281. McLean denies the allegations in Paragraph 281.

## PLAINTIFFS' PRAYER FOR RELIEF

In answer to Plaintiffs' Prayer for Relief, McLean denies that Plaintiffs are entitled to any of the relief requested in their Prayer for Relief, or to any relief whatsoever from McLean.

## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

Without assuming any burden of proof that by law is not otherwise imposed, McLean

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

asserts the following affirmative and other defenses:

## FIRST AFFIRMATIVE DEFENSE
## (FAILURE TO STATE A CLAIM)

Plaintiffs have failed in whole or in part to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
## (STANDING)

Plaintiffs have not alleged injuries or damages sufficient to sustain their claims and therefore lack standing to bring any of their causes of action against McLean.

## THIRD AFFIRMATIVE DEFENSE
## (RES JUDICATA)

Plaintiffs' and/or the putative class members' claims for relief are barred, in whole or in part, by the doctrine of res judicata.

## FOURTH AFFIRMATIVE DEFENSE
## (NO VIEWING OF INFORMATION)

Plaintiffs' and/or the putative class members' claims are barred to the extent no information was actually viewed by any unauthorized recipient.

## FIFTH AFFIRMATIVE DEFENSE
## (LACK OF ACTUAL AND PROXIMATE INJURY)

The CCAC is barred in whole or in part because Plaintiffs and/or the putative class members did not suffer any cognizable damage or other harm, particularly not as a proximate result of any alleged act or omission of McLean.

## SIXTH AFFIRMATIVE DEFENSE
### (FAILURE TO MITIGATE DAMAGES)

To the extent Plaintiffs and/or the putative class members have failed and neglected to mitigate their alleged damages, if any, their claims are barred.

## SEVENTH AFFIRMATIVE DEFENSE
### (ADEQUATE LEGAL REMEDY)

Plaintiffs' and/or putative class members' claims for equitable and injunctive relief are barred because they have adequate remedies, if any, at law.

## EIGHTH AFFIRMATIVE DEFENSE
### (PREJUDGMENT INTEREST)

McLean alleges that the CCAC fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

## NINTH AFFIRMATIVE DEFENSE
### (UNCLEAN HANDS)

To the extent that Plaintiffs and/or putative class members come to this Court with unclean hands, they are barred from recovery under any cause of action alleged in the CCAC.

## TENTH AFFIRMATIVE DEFENSE
### (ACTS OF PLAINTIFF AND THIRD PARTIES)

Any injuries allegedly suffered by Plaintiffs or putative class members were proximately caused by the acts of Plaintiffs and/or the putative class members themselves and/or third parties and not by any alleged act or omission of McLean.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(ASSUMPTION OF RISK)**

Plaintiffs and/or the putative class members voluntarily and knowingly assumed the risks inherent in the activities or conditions that allegedly caused the injuries allegedly suffered by Plaintiffs and/or the putative class members.

**TWELFTH AFFIRMATIVE DEFENSE**
**(FAILURE TO JOIN NECESSARY PARTIES)**

McLean alleges that Plaintiffs have failed to join all parties required for the Court to award complete relief, if any.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(LACHES)**

To the extent that Plaintiffs and/or putative class members acted with unreasonable delay in bringing their claims, they are barred from recovery under the CCAC and any cause of action thereof.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(CONSENT / RATIFICATION)**

McLean's alleged conduct complained of in the CCAC was approved, consented to, authorized, and/or ratified by Plaintiffs and/or putative class members through their actions, omissions, and course of conduct, to the extent that Plaintiffs and/or putative class members were knowledgeable of the facts and policies referenced in the CCAC.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

## FIFTEENTH AFFIRMATIVE DEFENSE
### (WAIVER)

Plaintiffs and/or the putative class members were knowledgeable of the facts and allegations set out in the CCAC. The CCAC and the causes of action alleged therein are therefore barred by the doctrine of waiver.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (ESTOPPEL)

Plaintiffs' and/or the putative class members' claims are barred by the equitable doctrine of estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (COLLATERAL ESTOPPEL)

Plaintiffs' and/or the putative class members' claims for relief are barred, in whole or in part, by the doctrine of collateral estoppel.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (SUPERSEDING CAUSE)

Any injuries suffered by Plaintiffs and/or the putative class members were caused by the criminal acts of third parties, not by any alleged action or inaction by McLean.

## RESERVATION OF RIGHTS

McLean hereby gives notice that it intends to rely upon such other and further affirmative and other defenses as may become available during the course of this action and reserves the right to amend this Answer to assert any such defenses, including the defense of after-acquired evidence.

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

<h2 style="text-align:center">**<u>DEFENDANT'S PRAYER FOR RELIEF</u>**</h2>

WHEREFORE, having answered, McLean prays for relief as follows:

1.      That Plaintiffs' CCAC be dismissed in its entirety with prejudice;

2.      That Plaintiffs take nothing by this action;

3.      That judgment be entered in McLean's favor and against Plaintiffs;

4.      To the extent to which law, equity, or contract allows, McLean be awarded reasonable attorneys' fees and costs of suit incurred; and

5.      For such other and further relief as the Court deems just and proper.

<h2 style="text-align:center">**<u>DEMAND FOR JURY TRIAL</u>**</h2>

McLean demands a trial by jury.

Dated: January 8, 2026                     Respectfully submitted,

By:   */s/ David P. Phippen*
David P. Phippen (VSB 22854)
**Constangy, Brooks, Smith & Prophete, LLP**
12500 Fair Lakes Circle, Suite 300
Fairfax, VA 22033-3804
Tel: (571) 522-6105
dphippen@constangy.com

Younjin (Jennifer) Lee (*Pro Hac Vice*)
Troy Daniels (*Pro Hac Vice*)
**Constangy, Brooks, Smith & Prophete, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Tel: (949) 743-3924
jlee@constangy.com
tdaniels@constangy.com

*Attorneys for McLean Mortgage Corporation*

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION COMPLAINT

**CERTIFICATE OF SERVICE**

I certify that on January 8, 2026, I electronically filed the foregoing **Defendant's Answer and Affirmative Defenses to Plaintiffs' Consolidated Class Action Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Lee A. Floyd
Meredith Harbison
BREIT BINIAZAN, PC
2100 East Cary Street, Suite 310
Richmond, Virginia 23223
Lee@bbtrial.com
meredith@bbtrial.com

David K. Lietz
MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC
5335 Wisconsin Ave. NW, Suite 440
Washington, DC 20015
dlietz@milberg.com

A. Brooke Murphy
MURPHY LAW FIRM
4116 Will Rogers Pkwy, Suite 700
Oklahoma City, OK 73108
abm@murphylegalfirm.com

*Interim Class Counsel*

William B. Federman
FEDERMAN & SHERWOOD
10205 North Pennsylvania Avenue
Oklahoma City, OK 73120
4131 North Central Expressway, Suite 900
Dallas, Texas 75204
wbf@federmanlaw.com
trh@federmanlaw.com

Leigh S. Montgomery
EKSM, LLP
4200 Montrose Blvd., Suite 200
Houston, Texas 77006
lmontgomery@eksm.com

*Counsel for Plaintiffs and the Class*

 _/s/ David P. Phippen_____
David P. Phippen

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED CLASS ACTION
COMPLAINT