| | |
|---|---|
| ***IN RE: MCLEAN DATA BREACH LITIGATION.*** | Case No. 3:25-cv-00461-RCY |

**JOINT DECLARATION OF INTERIM CLASS COUNSEL IN
SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY
APPROVAL AND TO DIRECT NOTICE OF PROPOSED
<u>SETTLEMENT TO THE CLASS</u>**

1. We are the Court-appointed Interim Co-Lead Counsel for Plaintiffs Jayaprakash Radhakrishnan, Micah Parks, and Priscilla Millberry and seek appointment as Class Counsel for the proposed Settlement Class. We submit this Declaration in support of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement. Except as otherwise noted, we have personal knowledge of the facts set forth in this Declaration and could testify competently to them if called upon to do so.

2. A true and correct copy of the Settlement Agreement, with all attachments, is attached hereto as **Exhibit 1.**

> **Exhibit 1:** Settlement Agreement
>
> **Exhibit A:** Long Form Notice
>
> **Exhibit B:** Email Notice
>
> **Exhibit C:** Postcard Notice
>
> **Exhibit D:** Claim Form
>
> **Exhibit E:** Proposed Preliminary Approval Order

**Counsel's Qualifications**

3. The attorneys seeking to be named Settlement Class Counsel in this matter— David K. Lietz of Milberg, PLLC and A. Brooke Murphy of Murphy Law Firm—have extensive experience in class action litigation generally and data breach class action litigation in particular.

4. Proposed Class Counsel's experience is more fully described in the firm resumes previously submitted to this Court in connection with the Motion for Consolidation and to Appoint Interim Class Counsel. Docs. 9, 9-1, 9-2, and 9-3.

5. The Court previously evaluated proposed Class Counsel's qualifications and entered an order appointing these attorneys as Interim Co-Lead Class Counsel, finding that "the above-named attorneys meet the requirements of Rule 23(g)." Doc. 21.

6. All proposed Settlement Class Counsel have committed and will continue to fully commit the resources necessary to represent the Class.

**Initial Investigation and Communications**

7. On or around October 17, 2024, Defendant McLean Mortgage Corporation ("McLean") became aware that unauthorized cybercriminals gained access to its computer network and the highly sensitive personal information stored on that network ("Data Incident").

8. Following its internal investigation, McLean reported that the Data Incident potentially exposed the personal information of 30,453 individuals, including current and former McLean customers and/or employees.

9. The internal investigation further revealed that the personally identifiable information ("PII" or "Private Information") that was potentially accessed, which varied by individual, included names, Social Security numbers, driver's license numbers, financial account numbers, passport numbers, and health insurance information belonging to Plaintiffs and the Class.

10. On or about June 11, 2025, Defendant began notifying Plaintiffs and Class Members about the Data Incident. Subsequently, Plaintiffs each decided to file their respective class actions following their receipt of notice letters from Defendant.

11. After the firms representing Plaintiffs were each respectively retained by Plaintiffs, each firm conducted an initial, but extensive, investigation of the Breach, Defendants, and Plaintiffs' and the Class's damages before filing their respective complaints.

12. All initial complaints were filed before the United States District Court for the Eastern District of Virginia. The cases were consolidated for all purposes on October 9, 2025. Plaintiffs subsequently filed a consolidated class action complaint (the "Complaint") before the United States District Court for the Eastern District of Virginia on November 24, 2025.

13. Defendant denied all allegations in Plaintiffs' Complaint.

**Procedural Posture and History of Negotiations**

14. Recognizing the risks and continued costs of litigation, and in an effort to conserve resources for the benefit of those impacted in the Data Incident, the Parties began discussing settlement.

15. In connection with their settlement discussions, the Parties exchanged informal discovery including information related to, among other things, the nature and cause of the Data Incident, the number and geographic location of victims impacted by the Data Incident, and the specific type of information potentially accessed. This allowed the Parties to fully evaluate the claims, defenses, and litigation risks at issue.

16. Following months of extensive arm's length negotiations, the Parties were eventually able to negotiate the material terms of the Settlement. Class relief was negotiated first and fully agreed upon before the Parties discussed attorneys' fees, expenses, and service awards.

17. The Parties later finalized the terms in this Settlement Agreement and the attached exhibits.

18. It is the strong opinion of proposed Settlement Class Counsel that the Settlement presents a favorable result for the Class.

19. This proposed Settlement provides a wide array of benefits designed to ameliorate the precise harms that Plaintiffs and Settlement Class Members allege that they suffered as a result of this Data Incident.

20. The cash benefits offered under the terms of this Settlement are uncapped in the aggregate, meaning that all 30,453 Settlement Class Members may claim any of the cash benefits.

21. Settlement Class Members may claim up to $1,000 for reimbursement of ordinary out-of-pocket losses and expenses, up to $4,000 for extraordinary out-of-pocket losses and expenses, and reimbursement for up to 4 hours of lost time reimbursed at $25 per hour.

22. As an alternative to filing a claim for reimbursement of out-of-pocket losses and lost time, the Settlement Class Members may submit a claim to the Settlement Administrator to receive an alternative cash payment of $45.00. Other than proof of Class membership, no documentation is required to make a claim for the Alternative Cash Payment. The value of this benefit to the Settlement Class is $1,370,385.00 (i.e., $45.00 times 30,453 Settlement Class Members).

23. In addition, all 30,453 Settlement Class Members may claim three years of credit monitoring and identity theft protection. This is a tremendous benefit to the Settlement Class. The current least expensive comparable credit monitoring is $6.95 per month at retail, meaning that the retail value of this benefit is $250.20 per Settlement Class Member. Since the monitoring is being

offered to all 30,453 Settlement Class Members this Settlement Benefit has a retail value of over $7.6 million.

24. The overall value of the Settlement is well within the range of data breach class action settlements approved across the country.

**<u>The Class Representatives Actively Participated in This Litigation</u>**

25. The Settlement Agreement calls for a reasonable Service Award to the Class Representatives in the amount of $2,500.00 per Class Representative.

26. The Service Awards are meant to compensate the Class Representatives for their efforts on behalf of the Settlement Class, including, at all times, regularly maintaining contact with counsel, assisting in the investigation of the case, reviewing their respective Complaint(s), producing information and documentation to Class Counsel, remaining available for consultation throughout the mediation and settlement negotiations, reviewing the Settlement Agreement, and answering counsel's many questions.

27. The proposed Settlement Class Representatives do not have any interests antagonistic to other Class Members and have retained lawyers who are abundantly qualified and experienced,

28. After agreeing to the terms of the Settlement on behalf of the Class, Counsel for Plaintiffs negotiated their combined fees and costs separate from the benefit to Class Members, in an amount not to exceed $250,000.00, subject to Court approval.

**<u>The Settlement is Fair, Reasonable, Adequate, and a Substantial Recovery for the Class</u>**

29. Plaintiffs' Counsel engaged in substantial research regarding the facts of the Breach and have considerable experience in similar class action litigation.

30. Counsel's years of experience representing individuals in complex class actions—including data breach actions—contributed to an awareness of Plaintiffs' settlement leverage, as well as the needs of Plaintiffs and the proposed Class. Counsel believes that our clients would ultimately prevail in the litigation on a class-wide basis. However, we are also aware that a successful outcome is uncertain and would be achieved, if at all, only after prolonged, arduous litigation with the attendant risk of drawn-out appeals.

31. Class Counsel believe the Settlement is fair, reasonable, adequate, and provides substantial benefits for Plaintiffs and Class Members. Furthermore, there are no undisclosed agreements made in connection with this Settlement. Class Counsel are also not aware of any individual cases related to this Data Breach being pursued against Defendants.

32. Moreover, all Class Representatives support the proposed Settlement Agreement.

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

We declare under penalty of perjury that the foregoing is true and correct.

Executed in Washington, DC on July 9, 2026.

*/s/ David Lietz*
David Lietz

Executed in Oklahoma City, Oklahoma on July 9, 2026.

*/s/ A. Brooke Murphy*
A. Brooke Murphy

*Interim Co-Lead Class Counsel, Counsel for Plaintiffs and the Proposed Class*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

/s/ *Lee A. Floyd*