# EXHIBIT 1

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Settlement Agreement" or "Settlement") is entered into by and between Jayaprakash Radhakrishnan, Micah Parks, and Priscilla Millberry (collectively, "Plaintiffs"), both individually and on behalf of the Settlement Class, and McLean Mortgage Corporation ("Defendant" or "McLean") (together referred to as the "Parties") in the case of *In re McLean Data Breach Litigation,* No. 3:25-cv-00461 (E.D. Va.) (the "Action"). Plaintiffs and McLean are referred to herein each as a "Party" and collectively as the "Parties."

## I.      FACTUAL BACKGROUND AND RECITALS

1.      On or around October 17, 2024, McLean became aware that unauthorized cybercriminals gained access to its computer network and the highly sensitive personal information stored on that network ("Data Incident").

2.      Following its internal investigation, McLean reported that the Data Incident potentially exposed the personal information of 30,453 individuals, including current and former McLean customers and/or employees. The internal investigation further revealed that the personally identifiable information ("PII" or "Private Information") that was potentially accessed, which varied by individual, included, but is not limited to, names, Social Security numbers, driver's license numbers, financial account numbers, passport numbers, and health insurance information belonging to Plaintiffs and the Class.

3.      On or about June 11, 2025, Defendant began notifying Plaintiffs and Class Members about the Data Incident. Subsequently, Plaintiffs each decided to file their respective class actions following their receipt of notice letters from Defendant. All initial complaints were filed before the United States District Court for the Eastern District of Virginia.

4.      The cases were consolidated for all purposes on October 9, 2025.

5.      Plaintiffs subsequently filed a consolidated class action complaint (the "Complaint") before the United States District Court for the Eastern District of Virginia on November 24, 2025.

6.      In an effort to conserve resources for the benefit of those impacted in the Data Incident, the Parties began discussing settlement.

7.      In connection with their settlement discussions, the Parties exchanged informal discovery including information related to, among other things, the nature and cause of the Data Incident, the number and geographic location of victims impacted by the Data Incident, and the specific type of information potentially accessed.

8.      Following months of extensive arm's length negotiations, the Parties were eventually able to arrive at the Settlement Agreement described herein.

9.      The Parties now agree and hereby wish to resolve all matters pertaining to, arising from, or associated with the Action, including all claims Plaintiffs and Settlement Class Members have or may have had against McLean and its related persons and entities, as set forth herein.

1

10.     The Parties have agreed to settle the Action on the terms and conditions set forth herein in recognition that the outcome of the Action is uncertain and that achieving a final result through the Action would require substantial additional risk, uncertainty, discovery, time, and expense for all Parties.

11.     By settling the Action, McLean does not admit any liability for Plaintiffs' claims. McLean has denied and continues to deny (1) all allegations and claims of wrongdoing or liability that Plaintiffs, Settlement Class Members, or anyone else of any kind whatsoever have or could have asserted in this Action or may be asserted in the future concerning the Data Incident; (2) that the Plaintiffs in the Action and the class they purport to represent have suffered any damage; and (3) that the Action satisfies the requirements to be certified and tried as a class action. Despite McLean's position that it is not liable for, and has good defenses to, the claims alleged in the Action, McLean desires to settle the Action, and thus avoid the expense, risk, exposure, inconvenience, uncertainty, and distraction of continued litigation of any action relating to the matters being fully settled and finally resolved and released in this Settlement Agreement. Neither this Settlement Agreement, nor any negotiation or act performed or document created in relation to the Settlement Agreement or negotiation or discussion thereof is, or may be deemed to be, or may be used as, an admission of, or evidence of, any wrongdoing or liability by McLean and any related persons or entities, nor shall it constitute, be construed as, or be admissible in evidence as any admission of the validity of any claim or any fact alleged by Plaintiffs in this action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of McLean or admission by any of the Parties of the validity or lack thereof of any claim, allegation, or defense asserted in this Action or in any other action.

12.     The Parties now enter into this Settlement Agreement. Plaintiffs and Class Counsel have conducted an investigation into the facts and the law regarding the Action and have concluded that a settlement according to the terms set forth below is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiffs and the Settlement Class, recognizing: (1) the existence of complex and contested issues of law and fact; (2) the risks inherent in litigation; (3) the likelihood that future proceedings will be unduly protracted and expensive if the Action is not settled by voluntary agreement; (4) the magnitude of the benefits derived from the contemplated settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (5) Plaintiffs' determination that the settlement is fair, reasonable, adequate, and will substantially benefit the Settlement Class Members.

13.     Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their respective best interests.

14.     In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be settled and compromised, and that the Releasors release the Released Parties of the Released Claims without costs as to Released Parties, Plaintiffs, Class Counsel, or the Settlement Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## II.     DEFINITIONS

As used in this Settlement Agreement, the following terms have the meanings specified below:

15.     "**Action**" shall mean the action captioned of *In re McLean Data Breach Litigation,* No. 3:25-cv-00461 (E.D. Va.).

16.     "**Administrative Expenses**" shall mean expenses associated with the Settlement Administrator, including but not limited to actual costs in providing notice, communicating with Settlement Class Members, and disbursing payments to Settlement Class Members.

17.     "**Approved Claims**" shall mean complete and timely Claim Forms properly submitted by Settlement Class Members that have been approved by the Settlement Administrator.

**18.**     "**Claim Form**" shall mean the form that Settlement Class Members may submit to obtain compensation under this Settlement Agreement, which is attached as **Exhibit D**.

**19.**     "**Claims Deadline**" shall mean the date by which all Claim Forms must be postmarked (if mailed) or submitted (if filed electronically) to be considered timely and shall be set as a date 90 days after the Notice Date. The Claims Deadline shall be clearly set forth in the Preliminary Approval Order, as well as in the Notice and the Claim Form.

20.     "**Class**," "**Settlement Class**," "**Class Member**," or "**Settlement Class Member**" shall mean each member of the Settlement Class, as defined in Section III of this Settlement Agreement, who does not timely elect to be excluded from the Settlement Class.

21.     "**Class Counsel**" shall mean David K. Lietz of Milberg, PLLC and A. Brooke Murphy of Murphy Law Firm.

22.     "**Counsel**" or "**Counsel for the Parties**" means both Class Counsel and Defendant's Counsel, collectively.

23.     "**Court**" shall mean the United States District Court for the Eastern District of Virginia, having jurisdiction over the pending Action.

24.     "**Defendant**" or "**McLean**" shall mean McLean Mortgage Corporation.

25.     "**Defendant's Counsel**" or "**McLean's Counsel**" shall mean John Babione, Troy Daniels, and David P. Phippen of Constangy, Brooks, Smith & Prophete, LLP.

26.     "**Effective Date**" shall mean the date when the Settlement Agreement becomes Final, which is 30 days after the Court's grant of the Final Approval Order assuming no appeals have been filed. If an appeal is filed, the Effective Date will become 30 days from when the appeal is finalized and a final judgment is entered in this case.

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

27. **"Email Notice"** means the email notice that will be e-mailed to each Settlement Class Member for whom Defendant has an available and valid email address, in the same or substantially similar form as **Exhibit B** hereto.

28. **"Fee and Expense Application"** shall mean the motion to be filed by Class Counsel, in which they seek approval of an award of attorneys' fees and expenses, as well as a Service Award for the Class Representatives.

29. **"Fee and Expense Award"** means the amount of combined attorneys' fees and expenses awarded by the Court to Class Counsel, which shall not exceed $250,000.00.

30. **"Final"** means the Final Approval Order has been entered on the docket, and (1) the time to appeal from such order has expired and no appeal has been timely filed; (2) if such an appeal has been filed, it has been finally resolved and has resulted in an affirmation of the Final Approval Order; or (3) the Court following the resolution of the appeal enters a further order or orders approving settlement on the material terms set forth herein, and either no further appeal is taken from such order(s) or any such appeal results in affirmation of such order(s).

31. **"Final Approval Hearing"** means the hearing before the Court where the Plaintiffs will request a judgment to be entered by the Court approving the Settlement Agreement, approving the Fee and Expense Award, and approving Service Awards to the Class Representatives.

32. **"Final Approval Order"** shall mean an order entered by the Court that:

    i. Certifies the Settlement Class for settlement purposes only;

    ii. Finds that the Settlement Agreement is fair, reasonable, and adequate, was entered into in good faith and without collusion, and approves and directs consummation of this Settlement Agreement;

    iii. Dismisses Plaintiffs' claims pending before it with prejudice and without costs, except as explicitly provided for in this Settlement Agreement;

    iv. Approves the Release provided in Section VI and orders that, as of the Effective Date, the Released Claims will be released as to Released Parties;

    v. Reserves jurisdiction over the Settlement and this Settlement Agreement; and

    vi. Finds that there is no just reason for delay of entry of final judgment with respect to the foregoing.

33. **"Long-Form Notice"** is the notice substantially in the form of **Exhibit A** which is the detailed, long-form notice that will be posted on the Settlement Website that will include robust details about the Settlement.

34.    "**Notice**" means the direct notice of this proposed Settlement, which is to be provided substantially in the manner set forth in this Settlement Agreement and **Exhibits A** (Long-Form Notice), **B** (Email Notice), and **C** (Postcard Notice), consistent with the requirements of due process. The **"Notice Date"** in this case will be 30 days after the Court enters the Preliminary Approval Order.

35.    "**Objection/Exclusion Deadline**" means the date by which a written objection to this Settlement Agreement or a request for exclusion submitted by a person within the Settlement Class must be postmarked and/or filed with the Court and sent to the Settlement Administrator, which shall be designated as a date 60 days after the Notice Date, or such other date as ordered by the Court.

36.    "**Parties**" shall mean Plaintiffs and McLean, collectively.

37.    "**Plaintiffs**" or "**Class Representatives**" shall mean the named plaintiffs, Jayaprakash Radhakrishnan, Micah Parks, and Priscilla Millberry.

38.    "**Preliminary Approval Order**" shall mean the Court's Order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes, and directing notice of the Settlement to the Settlement Class substantially in the form of the Notice set forth in this Settlement Agreement. The proposed Preliminary Approval Order is attached as **Exhibit E**.

39.    "**PII**" or "**Private Information**" means names, Social Security numbers, driver's license numbers, financial account numbers, passport numbers, health insurance information, and any other personally identifiable information that Defendant may have collected and maintained.

40.    "**Postcard Notice**" is the postcard notice that will be mailed to each Settlement Class Member for whom Defendant does not have an available and valid email address and for whom Defendant has an available and valid mailing address, in the same or substantially similar form as **Exhibit C** hereto.

41.    "**Reminder Notice**" means the reminder notice that the Settlement Administrator will send only in the event that the claims rate is less than 2% as of 30 days before the Claims Deadline. Reminder Notices will be sent via email to Settlement Class Members who have not yet submitted a claim and for whom the Settlement Administrator has a valid email address 30 days before the Claims Deadline. Reminder Notices will be sent via mail to Settlement Class Members who have not yet submitted a claim and for whom the Settlement Administrator does not have a valid email address but has a valid mailing address 30 days before the Claims Deadline.

42.    "**Released Claims**" means any and all past, present, and future, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, existing or potential, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, legal, statutory, or equitable claims, set-offs, relief, liabilities, rights, suits, causes of action, demands, petitions, debts, contracts, complaints, actions, damages,  including consequential, punitive, exemplary or multiplied damages, penalties, expenses, costs, indemnities, attorneys' fees, losses, obligations, and/or remedies of every kind or description that have been asserted, or could have been asserted,

by any Settlement Class Member or Releasor against the Released Parties, or any of them, based on, relating to, or arising out of the Data Incident and/or the allegations, facts, circumstances, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions, or failures to act described in the Complaint and the Action including, but not limited to, all claims alleged in the Action, Defendant's information security policies, and/or Defendant's maintenance or storage of Private Information.

43.     "**Released Parties**" means Defendant and any of its past, present, and future direct and indirect heirs, associates, corporations, investors, parents, subsidiaries, divisions, affiliates, divisions, predecessors, successors, assigns, directors, officers, members, agents, servants, employees, insurers and reinsurers (including their third-party administrators), subrogees, lenders, managers, administrators, shareholders, owners, attorneys, advisors, consultants, representatives, partners, joint venturers, independent contractors, wholesalers, resellers, distributors, retailers, benefit plans, brokers, executors, trustees and the predecessors, successors, and assigns of each of them.

44.     "**Releasors**" shall refer, jointly and severally, and individually and collectively, to Plaintiffs, the Settlement Class Members who do not validly opt out of the Settlement, and to each of their respective past, present, and future predecessors, successors, heirs, devisees, beneficiaries, conservators, executors, estates, administrators, assigns, trustees, receivers, agents, attorneys, accountants, financial and other advisors, and any other representatives of each of the foregoing, and anyone claiming by, through, or on behalf of them.

45.     "**Service Award**" shall have the meaning ascribed to it as set forth in Section XIV of this Settlement Agreement. The Service Award requested in this matter will be $2,500.00 for each Class Representative, subject to Court approval.

46.     "**Settlement Administrator**" means, subject to Court approval, Simpluris, an entity jointly selected and supervised by Class Counsel and McLean to administer the settlement.

47.     "**Settlement Payment**" means the amount for claims made under the terms of this Settlement Agreement. The actual amount of the Settlement Payment paid for Approved Claims will be determined on a "claims made" basis such that only those individual Approved Claims will be funded up to the maximum amount. The Service Awards to Plaintiffs are in addition to any Settlement Payment they may receive.

48.     "**Settlement Website**" means a website established and administered by the Settlement Administrator, which shall contain information about the Settlement, including an electronic claim form substantially similar to **Exhibit D** (or a form of that document that is approved by the Court), this Settlement Agreement, and all court documents related to the Settlement. The Settlement Website will be publicly viewable and contain broad information about the Settlement, including but not limited to, copies of the Complaint filed in this matter, a copy of the Long-Form Notice, Postcard Notice, Claim Form that may be submitted online through the Settlement Website or mailed to the Settlement Administrator, the deadlines for filing a Claim, Objection, and/or Exclusion request, and the date of the Final Approval Hearing. The Settlement Website will remain active until 90 days after the Effective Date.

## III.    SETTLEMENT CLASS CERTIFICATION

49.    For the purposes of the Settlement only, the Parties stipulate and agree that: (1) the Class shall be certified in accordance with the definition contained herein; (2) Plaintiffs shall represent the Class for settlement purposes and shall be the Class Representatives; and (3) Class Counsel shall be appointed as Class Counsel.

50.    McLean does not consent to certification of the Class for any purpose other than to effectuate the Settlement. If the Court does not enter Final Approval of the Settlement, or if for any other reason the Settlement does not become Final, is successfully objected to, or successfully challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Action as if the Settlement Agreement had not been entered into. In the event that Final Approval of the Settlement is not achieved: (1) any court orders preliminarily or finally approving the certification of any class contemplated by this Settlement Agreement shall be null, void, and vacated, and shall not be used or cited thereafter by any person or entity; and (2) the fact of the settlement reflected in this Settlement Agreement, that McLean did not oppose the certification of a Class under this Settlement Agreement, or that the Court preliminarily approved the certification of a Class for purposes of the Settlement, shall not be used or cited thereafter by any person or entity, including in any manner whatsoever, including without limitation any contested proceeding relating to the certification of any class in this Action or in any other litigation.

51.    The Settlement shall be administered on a wholly claims-made basis. To receive monetary relief, Settlement Class Members, as defined below, must submit a valid and timely claim to the Settlement Administrator.

52.    Subject to court approval, the following Settlement Class shall be certified for settlement purposes:

> **All living persons residing in the United States whose PII was potentially compromised in the Data Incident experienced by McLean on or around October 17, 2024, including all persons who were sent a notice letter regarding the Data Incident.**

53.    Excluded from the Class are: (1) any officer, director, or entity in which McLean has a controlling interest, (2) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of McLean, and (3) the judiciary to whom this case is assigned, their families and members of their staff.

54.    It is estimated that the Class is comprised of approximately 30,453 individuals.

55.    These individuals constitute the "Settlement Class" solely for purposes of certifying a settlement class in this Action. If for any reason the Settlement is not granted preliminary and/or final approval, McLean's agreement to certification of the Settlement Class shall not be used for any purpose, including in any request for class certification in the Action or any other proceeding.

**IV.    SETTLEMENT OF LITIGATION AND ALL CLAIMS AGAINST RELEASED PARTIES**

56.    Final approval of this Settlement Agreement will settle and resolve with finality, on behalf of the Plaintiffs, the Settlement Class, and the Releasors the Action and the Released Claims (along with any other claims that could have been brought as a result of the Incident) as to McLean and the Released Parties, as described in Section VI.

**V.    SETTLEMENT BENEFIT ALLOCATION**

**57.    <u>Settlement Benefits</u>**

a.  **<u>Cash Payments</u>**: McLean will agree to make available the following cash payments to Settlement Class Members who submit valid and timely Claim Forms which are found to be Approved Claims. Claims will be subject to review for completeness and validity by the Settlement Administrator.

1.  **<u>Reimbursement of Out-of-Pocket Losses</u>**:

a)  Settlement Class Members may elect to receive up to $1,000.00 for reimbursement of ordinary documented losses and expenses with third-party documentation if (i) the loss is an actual, documented, and unreimbursed monetary loss; (ii) the loss was directly caused by the Data Incident; (iii) the loss was incurred after the date of the Data Incident; and (iv) the loss is not already covered by one or more of the other reimbursement categories. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product or through a financial institution's consumer fraud policies. Documentation must be from a third-party source. The categories of reimbursable ordinary expenses and losses include, but are not limited to, bank fees, postage, copying, travel costs, and notary fees related to addressing the misuse of the Class Members' Social Security number or date of birth; fees for credit repair services; and costs for additional credit reports, credit monitoring, or other identity theft insurance products. If a Settlement Class Member does not submit third-party documentation supporting a loss, or if the Settlement Administrator rejects for any reason the Settlement Class Member's claim and the Settlement Class Member fails to cure the claim, the claim will be rejected.

b)  Settlement Class Members may submit a claim for up to $4,000.00 for extraordinary losses directly caused by the Data Incident. To be valid, such loss must be (i) an actual, documented, and unreimbursed expense arising out of actual fraud and/or identity theft using the Class Members' Private Information, (ii) directly caused as a result of the Data Incident, (iii) incurred after the Data Incident, and (iv) supported by third-party

8

documentation, such as a police report or submitted insurance claim. Settlement Class Members shall not be reimbursed for expenses if they have been reimbursed for the same expenses by another source, including compensation provided in connection with any credit monitoring and identity theft protection product or through a financial institution's consumer fraud policies. Documentation must be from a third-party source. If a Settlement Class Member does not submit third-party documentation supporting a loss, or if the Settlement Administrator rejects for any reason the Settlement Class Member's claim and the Settlement Class Member fails to cure the claim, the claim will be rejected.

2.  **Reimbursement for Lost Time**: Settlement Class Members may submit claims for up to 4 hours of lost time, reimbursable at $25 per hour, by submitting an attestation, made under penalty of perjury, that they spent the claimed time responding to issues raised by the Data Incident and reasonably describing how such time was spent. Claims for lost time are included within the $1,000.00 cap on ordinary documented losses and expenses.

3.  **Alternative Cash Payment**: As an alternative to filing a claim for reimbursement of out-of-pocket losses and/or lost time, Settlement Class Members may submit a claim to the Settlement Administrator to receive an alternative cash payment of $45.00. Other than proof of Class membership, no documentation is required to make a claim for the alternative cash payment.

b.  **Credit Monitoring and Identity Theft Protection**: McLean will pay for additional credit-monitoring services as follows:

    i.   In addition to a Cash Payment, Settlement Class Members may submit claims for a three-year membership of one-bureau credit monitoring with $1,000,000.00 in identity theft/fraud insurance.

    ii.  Once enrolled in the credit monitoring, Settlement Class Members are entitled to remain enrolled for the applicable term at no cost to them.

c.  **Business Practice Improvements**: McLean represents that, since the Data Incident, it has undertaken certain business practice enhancements intended to improve the security of its systems and protect against future incidents, including implementation of multi-factor authentication across all servers and VPN accounts, endpoint protection enhancements, hardening of user and system controls, and strengthening of email and backup security. All costs associated with implementing these improvements have been borne by McLean separately from the relief made available to the Class.

**d. Release**: The relief stated above will be provided to Settlement Class Members as consideration for a general release of McLean and Released Parties set forth in Section VI below.

**e. Settlement Administration Fees**: McLean will pay or cause to be paid the entirety of the settlement administration fees, including without limitation the actual cost of notice to the class and claims administration.

**f. Settlement Administration Process**: After the Court enters the Preliminary Approval Order, the Settlement Administrator will provide Notice via Email Notice or Postcard Notice, as applicable, to the Settlement Class Members no later than the Notice Date.

After the Effective Date, the Settlement Administrator shall provide the requested settlement benefits to all Settlement Class Members that made an Approved Claim pursuant to the procedures outlined in this Agreement and subject to the individual caps on settlement class monetary payments set forth herein.

**g. Escrow Agent**: The funds provided by McLean to the Settlement Administrator will be maintained by an escrow agent as a court-approved Qualified Settlement Payment pursuant to Section 1.468B-1, et seq., of the Treasury Regulations promulgated under Section 468B of the Internal Revenue Code of 1986, as amended, and shall be deposited in an interest-bearing account.

58. **Procedure for Approving Settlement**

   a. **Unopposed Motion for Preliminary Approval**. Plaintiffs will file an unopposed motion for a Preliminary Approval Order conditionally certifying the Settlement Class, granting preliminary approval of the Settlement, setting a date for the Final Approval Hearing, and approving the appointment of the Settlement Administrator, the proposed settlement website, issuance of the Notices and use of the proposed Claim Form (the "Unopposed Motion for Preliminary Approval").

      i. At any hearing on the Unopposed Motion for Preliminary Approval, the Parties will jointly appear, support the granting of the Unopposed Motion for Preliminary Approval, and submit a proposed Preliminary Approval Order granting conditional certification of the Class and preliminary approval of the Settlement; appointing the Class Representatives and Class Counsel; approving the Claim Form and the forms of Notice to the Settlement Class; and setting the Final Approval Hearing.

      ii. For the purposes of the Settlement and the proceedings contemplated herein only, the Parties stipulate and agree that the Class shall be

10

conditionally certified in accordance with the definition contained above, that Plaintiffs shall be conditionally appointed class representatives for the Class, and that Class Counsel shall be conditionally appointed as counsel for the Class. Should the Court decline to preliminarily approve any material aspect of the Settlement, the Settlement will be null and void, the Parties will have no further obligations under it, and the Parties will revert to their prior positions in the Action as if the Settlement had not occurred.

59. **Submission and Evaluation of Claims**

a. **Claims Period**: The Parties agree that the period for filing claims shall be set at a date certain at no more than 90 days after the Notice Date.

b. **Claim Form**: All claims must be submitted on a Claim Form. The Claim Form will require the Settlement Class Member to provide his or her full name, home mailing address, telephone number, email address, unique claim ID from their Email Notice or Postcard Notice, and any other information or documentation required in order to obtain the requested settlement benefits, and a signature affirming the accuracy of the provided information.

c. The Claim Form must be submitted (either electronically submitted or postmarked) on or before the Claims Deadline. The Claim Form shall be substantially in the form attached hereto as **Exhibit D**.

d. Completed Claim Forms must be submitted directly to the Settlement Administrator either electronically via the Settlement Website or via U.S. Mail for processing, assessment, and payment (when properly submitted) as provided by this Settlement Agreement.

e. Any Claim Form that lacks the requisite information will be deemed to be incomplete and invalid.

f. A Settlement Class Member is not entitled to any cash compensation if: (1) he or she submits a Claim Form after the Claims Deadline; (2) if the Claim Form is incomplete or invalid after an opportunity to cure any error(s) and/or omission(s); (3) if the Claim Form contains false information; and/or (4) if the Class Member excludes him- or herself from the Class.

g. Within 21 days after the Claims Deadline, the Settlement Administrator shall process all Claim Forms submitted by Settlement Class Members and shall determine which claims are valid and initially approved and which claims are initially rejected. The Settlement Administrator may accept or reject any Claim Form submitted in its sole discretion, and may request additional information prior to initially accepting or rejecting any Claim Form submitted. The Settlement Administrator shall employ reasonable procedures to screen Claim Forms for abuse and/or fraud and shall deny Claim Forms which are

11

materially incomplete, where there is evidence of abuse and/or fraud, or where the Claim Form does not meet the requirements set forth in this Agreement.

h. **Claim Challenges**: Within 30 days after the Claims Deadline, the Settlement Administrator will submit to Counsel for the Parties a report listing all initially Approved Claims ("Initially Approved Claims List"). Within 30 days after the Claims Deadline, the Settlement Administrator will also submit to Counsel for the Parties a report listing all initially rejected Claims ("Initially Rejected Claims List").

i. Counsel for the Parties shall have 14 days after the date they receive the Initially Approved Claims List to audit and challenge any initially approved claims. Within 14 days after Counsel for the Parties receive the Initially Approved Claims List and related Claim Forms, they shall serve opposing counsel via email with a "Notice of Claim Challenges" identifying by claim number any initially approved claim they wish to challenge and the reasons for the challenge.

j. Similarly, Counsel for the Parties may challenge any claim initially rejected by the Settlement Administrator. Counsel for the Parties shall have 14 days after the date they receive the Initially Rejected Claims List to audit and challenge any initially rejected claims. Within 14 days after Counsel for the Parties receive the Initially Rejected Claims List and related Claim Forms, they shall serve opposing counsel via email with a Notice of Claim Challenges identifying by claim number any initially rejected claim they wish to challenge and the reasons for the challenge.

k. Counsel for the Parties shall meet and confer within 30 days of receiving a Notice of Claim Challenges from opposing counsel in an effort to resolve any disputes over any challenged claims. Counsel for the Parties shall inform the Settlement Administrator of any mutually agreed-upon resolutions to any challenged claims, at which point the decision on those claims becomes final. If the challenges are not withdrawn or resolved by mutual agreement within 60 days of receiving a Notice of Claim Challenges from opposing counsel, the initial decision of the Settlement Administrator to approve or reject the challenged claims will become final. The Effective Date or the date on which the last claim(s) are finalized, whichever is later, shall be referred to as the **"Claims Finalization Date**." If neither Class Counsel nor McLean's Counsel have any challenges to the initial claims determination reached by the Settlement Administrator, then the Claims Finalization Date shall be the Effective Date, the date both Class Counsel and McLean's Counsel inform each other by email that the Parties do not have any objection to the claims determination made by the Settlement Administrator, or the time for informing each other of such challenges has lapsed, whichever is later.

l. **Payment of Claims**: Within 14 days after the Claims Finalization Date, the Settlement Administrator shall provide Counsel for the Parties with a breakdown of claims and the total amount to be paid for Approved Claims (the "Final Claims List") and shall send an invoice to McLean for the collections of the funds necessary to pay the Approved Claims, including cash payments and credit monitoring, along with funding instructions and a properly completed and duly executed IRS Form W-9.

m. Within 30 days of receipt of the invoice, funding instructions, Form W-9, and a contact to voice verify the payment instructions from the Settlement Administrator, McLean or its insurer shall pay to the Settlement Administrator sufficient funds to satisfy the Approved Claims. Provided that Final Approval of this Settlement Agreement is granted by the Court without material change, material amendment, or material modification, the funds paid by McLean shall be used to satisfy Approved Claims for Plaintiffs, Settlement Class Members, and Releasors in exchange for a full, fair, and complete release of all Released Parties from Released Claims, and dismissal of the Action with prejudice.

No later than 75 days after the Claims Finalization Date, the Settlement Administrator shall send payment to each Settlement Class Member on the Final Claims List and shall provide credit monitoring activation codes via email to each Settlement Class Member on the Final Claims List who made an Approved Claim for credit monitoring. The activation period for credit monitoring will remain open for one hundred eighty (180) days after the Claims Finalization Date and the term of the monitoring will run for three (3) years from the date of enrollment.

n. The Settlement Administrator shall notify the Parties that all Approved Claims have been paid within seven days of the last such payment.

o. In the event that payments made to Settlement Class Members are not negotiated or cashed within 90 days after their date of issuance, those payments will become null and void, that Settlement Class Member shall forfeit their entitlement right to the funds, and the funds will revert to McLean or its insurer. The Settlement Administrator shall return to McLean or its insurer any such reverted funds no later than 180 days after the first day that payments are issued.

p. Settlement Class Members may request re-issuance of their payments one time within the 90-day period between the issuance of the payments and the void date. Any re-issued payment must be negotiated within thirty (30) days of issuance or that re-issued payment will become null and void, that Settlement Class Member shall forfeit their entitlement right to the funds, and the funds will revert to McLean or its insurer. The Settlement Administrator shall return to McLean or its insurer any such reverted funds no later than 180 days after the first day that payments are issued. It is the intention of the Parties

13

that all payments shall either be negotiated or voided no later than 120 days after the first date that payments are issued.

## VI.    RELEASE

60.    **General Release**: Upon the Effective Date of the Settlement, and in consideration of the settlement benefits and other consideration described herein, the Releasors will be deemed to have, and by operation of the Final Approval Order shall have, forever fully, finally, completely, and unconditionally released, relinquished, discharged, and acquitted the Released Parties from any and all Released Claims, including but not limited to any federal, state, local, statutory or common law claim arising out of or related to the Data Incident that the Releasors had or may have had at the time of the Effective Date.

61.    Each Releasor waives any and all defenses, rights, and benefits that may be derived from the provisions of applicable law in any jurisdiction that, absent such waiver, may limit the extent or effect of the release contained in this Settlement Agreement, including but not limited to § 1542 of the California Civil Code, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

The Releasors also waive the provisions and rights of any law(s) that are comparable in effect to California Civil Code § 1542, including, without limitation, Montana Code Ann. § 28-1-1602; North Dakota Cent. Code § 9-13-02; and South Dakota Codified Laws § 20-7-11.

62.    The Releasors agree that, once this Agreement is executed, they will not, directly or indirectly, individually or in concert with another, maintain, cause to be maintained, or voluntarily assist in maintaining any further demand, action, claim, lawsuit, arbitration, or similar proceeding, in any capacity whatsoever, against any of the Released Parties based on any of the Released Claims.

63.    Upon the Effective Date: (a) this Settlement shall be the exclusive remedy for any and all Released Claims of the Releasors, including Plaintiffs and Settlement Class Members; and (b) the Releasors, including Plaintiffs and Settlement Class Members, stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting any Released Claims against the Released Parties, whether on behalf of Plaintiffs, any Settlement Class Member or others, in any jurisdiction, including in any federal, state, or local court or tribunal.

## VII.    PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER

64.    This Settlement Agreement shall be subject to approval of the Court. As set forth in Section XIII, McLean shall have the right to withdraw from the Settlement Agreement if the Court does not approve any material aspect of the Settlement Agreement.

14

65.    Plaintiffs, through Class Counsel, shall submit this Settlement Agreement, together with its exhibits, to the Court and shall move the Court for preliminary approval of the Settlement set forth in this Settlement Agreement, certification of the Settlement Class, appointment of Class Counsel and the Class Representatives, and entry of the Preliminary Approval Order, substantially in the form of **Exhibit E**, which order shall seek a Final Approval Hearing date and approve the Notices and Claim Form for dissemination in accordance with the terms for providing Notice in this Settlement Agreement.

66.    At the time of the submission of this Settlement Agreement to the Court as described above, the Parties shall request that, after Notice is given, the Court hold a Final Approval Hearing at least 125 days after entry of the Preliminary Approval Order and approve the settlement of the Action as set forth herein.

67.    At least 14 days prior to the Final Approval Hearing, or by some other date if so directed by the Court, Plaintiffs will move for (1) final approval of the Settlement; (2) final appointment of the Class Representatives and Class Counsel; and (3) final certification of the Settlement Class, including for the entry of a Final Approval Order, and file a memorandum in support of the motion for final approval.

## VIII.    NOTICE TO PROPOSED SETTLEMENT CLASS MEMBERS

68.    **Settlement Administrator**

   a.  The Parties have jointly selected the Settlement Administrator, who shall be jointly supervised by Class Counsel and McLean to administer the settlement.

   b.  Costs of Settlement Administration shall be borne by McLean, outside of and separate from the Settlement Payments to Settlement Class Members.

69.    **Class List**

   a.  McLean, with the assistance of the Settlement Administrator as appropriate, shall create a "Class List," based on information already within McLean's possession.

   b.  The Class List shall include the names and last known mailing addresses of potential Settlement Class Members that McLean used to notify Settlement Class Members of the Incident, to the extent such information is readily available.

   c.  Within ten (10) days of the entry of the Preliminary Approval Order, McLean will provide to the Settlement Administrator a Class List that includes Settlement Class Member names, mailing addresses, and email addresses to the extent known and/or as reflected in McLean's business records. The Settlement Administrator will perform an advanced address lookup to ensure up-to-date mailing addresses are being used. If the Settlement Administrator receives notices that Email Notices were not delivered due to invalid email addresses, the Settlement Administrator will mail a Postcard Notice to the Settlement

15

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

Class Member's mailing address if known. If the Settlement Administrator receives notices that Postcard Notices were not delivered, the Settlement Administrator will perform a skip trace and remail Postcard Notice to an updated mailing address. For the avoidance of doubt, the Parties agree that the Settlement Administrator will be responsible for administering all aspects of the Settlement Agreement, including claims processing and distribution. The Settlement Administrator will be required to create a Settlement Website designed to answer Class Member questions, including through a frequently asked questions page. Moreover, the Settlement Administrator will establish a toll-free help line staffed with live operators to assist Settlement Class Members with filing claims, answering additional questions, and determining whether they are Settlement Class Members.

70. **Type of Notice Required**

a. **<u>Direct Notice</u>**: Direct notice will be provided through an Email Notice to Settlement Class Members for whom Defendant provides a valid email address or by Postcard Notice to Settlement Class Members for whom Defendant does not have a valid email address. Email Notice will contain a hyperlink and Postcard Notice which will contain a QR code linking to the settlement website. Postcards will be sent via U.S. Mail. The Notice, which shall be substantially in the form of **Exhibits B and C** attached hereto, shall be used to inform proposed Settlement Class Members, prior to the Final Approval Hearing, that there is a pending settlement and to further inform Settlement Class Members how they may: (1) obtain a copy of the Claim Form; (2) protect their rights regarding the settlement; (3) request exclusion from the Settlement Class and the proposed settlement, if desired; (4) object to any aspect of the proposed settlement, if desired; and (5) participate in the Final Approval Hearing, if desired. The Notice shall provide that Settlement Class Members may submit Claim Forms to receive any or all of the Settlement benefits, as described in Paragraph 57. Additionally, the Notice shall make clear the binding effect of the Settlement on all persons who do not timely request exclusion from the Settlement Class.

b. **<u>Reminder Notice</u>**: Reminder Notices shall be issued only in the event that the claims rate is less than 2% as of 30 days before the Claims Deadline. Reminder Notices will be sent via email to Settlement Class Members who have not yet submitted a claim and for whom the Settlement Administrator has a valid email address 30 days before the Claims Deadline. Reminder Notices will be sent via mail to Settlement Class Members who have not submitted a claim and for whom the Settlement Administrator does not have a valid email address but has a valid mailing address 30 days before the Claims Deadline.

c. Dissemination of the Notice shall be the responsibility of the Settlement Administrator. The text of the Notice shall be agreed upon by the Parties and shall be substantially in the forms attached as **Exhibits A, B, and C** hereto.

16

d.  Notice of the settlement (substantially in the form of **Exhibit A**) shall be posted on the Settlement Website within 30 days of the entry of the Preliminary Approval Order.

**71.    Notice Date**

a.  Within 30 days of entry of the Preliminary Approval Order, the Settlement Administrator shall:
- disseminate by Email in the form of **Exhibit B** to those Settlement Class Members identified on the Class List for whom Defendant has a valid email address;
- disseminate by U.S. Mail the Postcard Notice in the form of **Exhibit C** to Settlement Class Members identified on the Class List for whom Defendant does not have a valid email address; and,
- post the Long-Form Notice in the form of **Exhibit A** on the Settlement Website.

## IX.    EXCLUSIONS

**72.    Exclusion Period**

a.  Settlement Class Members will have up to and including 60 days following the Notice Date to exclude themselves from the Settlement in accordance with this Section.

b.  If the Settlement is finally approved by the Court, all Settlement Class Members who have not excluded themselves by the end of the Objection/Exclusion Deadline will be bound by the Settlement and will be deemed a Releasor as defined herein, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged by Plaintiffs and the Settlement Class.

**73.    Exclusion Process**

a.  A member of the Settlement Class may request to be excluded from the Settlement Class in writing by a request postmarked on or before the Objection/Exclusion Deadline.

b.  In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator by U.S. Mail providing his/her name, address, telephone number, and email address (if any); the name and number of this case; a statement that he/she wishes to be excluded from the Settlement Class; and their wet signature. A request to be excluded that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid and the person serving such a request shall be considered a member of the Settlement Class and shall be bound as a Settlement Class Member by the Settlement Agreement, if approved, even if that person does not submit a Claim Form.

c.  Any member of the Settlement Class who elects to be excluded shall not: (1) be bound by any order or judgment; (2) be entitled to relief under this Settlement Agreement; (3) gain any rights by virtue of this Settlement Agreement; or (4) be entitled to object to any aspect of this Settlement Agreement.

d.  The request for exclusion must be personally signed by the person requesting exclusion. So-called "mass" or "class" exclusion requests shall not be allowed.

e.  Within 10 days after the Objection/Exclusion Deadline, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel a written list reflecting all timely and valid exclusions from the Settlement Class.

f.  In the event that more than 100 individuals included on the Class List submit timely and valid notices of exclusion, Defendant may, by notifying Settlement Class Counsel and the Court in writing, within seven business days from the date the Settlement Administrator provides written notice to Defendant of the number of opt outs, void this Settlement Agreement. If Defendant voids the Settlement Agreement, Defendant shall be obligated to pay all settlement administration expenses already incurred, but will not be obligated to pay any settlement benefits described in Paragraph 57, any attorneys' fees, costs, and expenses of Class Counsel and Plaintiffs' Counsel, and/or any service awards, and shall not, at any time, seek recovery of same from any other party to the Action or from counsel to any other party to the Action.

## X.    OBJECTIONS

### 74.    Objection Period

a.  Settlement Class Members will have up to and including 60 days following the Notice Date to object to the Settlement in accordance with this Section. If the Settlement is finally approved by the Court, all Settlement Class Members who have not excluded themselves by the end of the Objection/Exclusion Deadline will be bound by the Settlement and will be deemed a Releasor as defined herein, and the relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged by Plaintiffs and the Settlement Class.

### 75.    Objection Process

a.  The Notices shall advise Settlement Class Members of their rights, including the right to be excluded from or object to the Settlement Agreement and its terms. The Notices shall specify that any objection to this Settlement Agreement, and any papers submitted in support of said objection, shall be received by the Court at the Final Approval Hearing only if, on or before the Objection/Exclusion Deadline approved by the Court, the person making an objection shall file notice of his/her intention to do so and at the same time: (1) file copies of such papers he/she proposes to submit at the Final Approval Hearing with the clerk of the Court; and (2) send copies of such papers to the Settlement Administrator. A

18

copy of the objection and any papers submitted in support of said objection must also be mailed to the Settlement Administrator, on or before the Objection/Exclusion Deadline, at the address that the Settlement Administrator will establish to receive requests for exclusion or objections, Claim Forms, and any other communication relating to this Settlement.

b. Any Settlement Class Member who intends to object to this Settlement must include in any such objection: (1) his/her full name, address, current telephone number, and email address (if any); (2) the name and number of this case; (3) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (4) the identification of any other objections he/she has filed, or has had filed on his/her behalf, in any other class action cases in the last four years, including the caption of each case in which the objector has made such objections and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and/or appellate courts in each such case; (5) whether the objector intends to appear at the Final Approval Hearing; and (6) the objector's wet signature (an attorney's signature is not sufficient). If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel, the identification of any other objections his/her counsel and/or counsel's law firm has filed in any other class action cases in the last four years, including the caption of each case in which the objector's counsel or counsel's law firm has made such objections and a copy of any orders related to or ruling upon the objector's counsel's and/or counsel's law firm's prior objections that were issued by the trial and/or appellate courts in each such case. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

c. Any Settlement Class Member who fails to timely file and serve a written objection and notice of intent to appear at the Final Approval Hearing pursuant to this Settlement Agreement, shall not be permitted to object to the approval of the Settlement or attend the Final Approval Hearing and shall be foreclosed from seeking any review of the Settlement or the terms of the Settlement Agreement by appeal or other means.

## XI.  FINAL APPROVAL HEARING

76.     The Parties will jointly request that the Court hold a Final Approval Hearing no earlier than 125 days after entry of the Preliminary Approval Order. At the Final Approval Hearing, the Parties will request that the Court consider whether the Settlement Class should be certified as a class for settlement purposes only and, if so, (1) consider any properly filed objections; (2) determine whether the Settlement is fair, reasonable and adequate, was entered into in good faith and without collusion, and should be approved, and shall provide findings in connection therewith;

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

and (3) enter the Final Approval Order, including final approval of the Settlement Class and the Settlement Agreement, and a Fee and Expense Award.

## XII.    FINAL APPROVAL ORDER

77.    The Parties shall jointly seek entry of a Final Approval Order, the text of which the Parties shall agree upon. The dismissal orders, motions or stipulation to implement this Section shall, among other things, seek or provide for a dismissal with prejudice and waive any rights of appeal.

78.    The Parties shall jointly submit to the Court a proposed Final Approval Order, that, without limitation:

      a.    Approves finally this Settlement Agreement and its terms as being a fair, reasonable, and adequate settlement as to the Settlement Class Members and directing its consummation according to its terms;

      b.    Dismisses with prejudice all Released Claims of the Settlement Class and Releasors against McLean and the Released Parties in the Action, without costs and fees except as explicitly provided for in this Settlement Agreement; and

      c.    Reserves continuing and exclusive jurisdiction over the Settlement and this Settlement Agreement, including but not limited to the Action, the Settlement Class, the Settlement Class Members, McLean, and the Settlement for the purposes of administering, consummating, supervising, construing, and enforcing the Settlement Agreement and the Settlement Payment.

79.    Class Counsel shall use their best efforts to assist McLean in obtaining dismissal with prejudice of the Action and take all steps necessary and appropriate to otherwise effectuate all aspects of this Settlement Agreement.

## XIII.   TERMINATION OF THE SETTLEMENT

80.    The Settlement is conditioned upon preliminary and final approval of this Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments or modifications are agreed to in writing between the Parties). All Exhibits attached hereto are incorporated into this Settlement Agreement.

81.    Either Party may elect to terminate and cancel this Settlement Agreement within ten days of any of the following events:

      a.    The Court refuses to grant preliminary approval of this Settlement Agreement;

      b.    The Court refuses to grant final approval of this Settlement Agreement in any material respect; or

      c.     The Court refuses to enter a final judgment in this Action in any material respect.

82.     In the event the Settlement Agreement is not approved or does not become Final, or is terminated consistent with this Settlement Agreement, the Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Action.

## XIV.  ATTORNEYS' FEES, COSTS AND EXPENSES, AND SERVICE AWARD

83.     **<u>Attorneys' Fees and Expenses</u>**: At least 14 days before the Objection/Exclusion Deadline, Class Counsel will move the Court for a combined award of attorneys' fees and costs in an amount not to exceed $250,000.00. Attorneys' fees and expenses awarded by the Court shall be provided outside of and separate from the Settlement Payment. This amount was negotiated after the primary terms of the settlement were negotiated.

84.     Notwithstanding any contrary provision of this Settlement Agreement, the Court's consideration of the Fee and Expense Application is to be conducted separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement, and any award made by the Court with respect to Class Counsel's attorneys' fees or expenses, or any proceedings incident thereto, including any appeal thereof, shall not operate to terminate or cancel this Settlement Agreement or be deemed material thereto. This Settlement is not contingent on approval of the Fee and Expense Application, and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force

85.     **<u>Service Award to Plaintiffs</u>**: Before or at the same time as Plaintiffs seek final approval of the Settlement Agreement, Class Counsel shall move the Court for Service Awards for Plaintiffs in an amount not to exceed $2,500.00, each. This amount was negotiated after the primary terms of the settlement were negotiated. This Settlement is not contingent on approval of the Service Award, and if the Court denies the request or grants amounts less than what was requested, the remaining provisions of the Agreement shall remain in force.

86.     Within 14 days after the Effective Date, the Settlement Administrator shall provide Defendant with funding instructions and a properly completed and duly executed IRS Form W-9. Defendant or its insurer shall pay the Service Award and Fee and Expense Award to the Settlement Administrator pursuant to the funding instructions no later than 30 days after the Effective Date or 15 days after the Settlement Administrator provides the funding instructions and IRS Form W-9 to Defendant, whichever is later.

87.     In no event will McLean's liability hereunder for the Fee and Expense Award, Administrative Expenses, and/or a Service Award or any other fees, costs or expenses exceed its funding obligations set out in this Settlement Agreement. McLean shall have no financial responsibility for this Settlement Agreement except as explicitly set out in this Settlement Agreement. McLean shall have no further obligation for attorneys' fees or expenses to any counsel representing or working on behalf of either one or more individual Settlement Class Members or the Settlement Class. McLean will have no responsibility, obligation, or liability for allocation of

fees and expenses among Class Counsel or counsel for plaintiff(s) in any other lawsuit relating to the Data Incident.

## XV. MISCELLANEOUS REPRESENTATIONS

88. The Parties agree that the Settlement Agreement provides fair, equitable, and just compensation, and a fair, equitable, and just process for determining eligibility for compensation for any given Settlement Class Member related to the Released Claims.

89. The Parties (1) acknowledge that it is their intent to consummate this Settlement Agreement, and (2) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement. Class Counsel and McLean's Counsel agree to cooperate with each other in seeking court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

90. The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs, the Settlement Class, Releasors, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand. Accordingly, the Parties agree not to assert in any forum that the Action was brought by Plaintiffs or defended by McLean in bad faith or without a reasonable basis.

91. The Parties agree not to identify, describe, disclose, testify, convey, or discuss with any individual, person, organization, corporation, or other entity (apart from counsel and insurers) the subject matter, amount, facts, terms, and conditions of this Settlement Agreement aside from those facts which are a matter of public record, including but not limited to any negotiations leading up to the actual resolution of this matter except where disclosure is compelled by law. In such case reasonable notice will be provided to the other Party before disclosure is made. The Parties further agree that they will not issue, nor cause to be issued, any statements to the public or media regarding the claims and allegations leading up to this Settlement Agreement or regarding the Settlement Agreement or any of its terms, including statements on any website or via social media, unless prior written consent of the other Party is given.

92. Nothing express or implied in this Settlement Agreement is intended or shall be construed to confer upon or give any person or entity other than the Parties, Released Parties, and Settlement Class Members any right or remedy under or by reason of this Settlement Agreement. Each of the Released Parties is an intended third-party beneficiary of this Settlement Agreement with respect to the Released Claims and shall have the right and power to enforce the release of the Released Claims in his, her, or its favor against all Releasors.

93. The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement, including its Exhibits, and have been fully

advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

94.     Any headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

95.     The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Settlement Agreement.

96.     This Settlement Agreement and its Exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth herein. No representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

97.     This Agreement may not be amended or modified, except by a written instrument signed by Class Counsel and Defendant's Counsel and, if the Settlement has been approved preliminarily by the Court, approved by the Court.

98.     The Parties agree that **Exhibits A** through **E** to this Settlement Agreement are material and integral parts thereof and are fully incorporated herein by this reference.

99.     The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Settlement Agreement.

100.    Except as otherwise provided herein, each Party shall bear its own costs.

101.    Plaintiffs represent and warrant that Plaintiffs have not assigned any claim or right or interest therein as against the Released Parties to any other person or party.

102.    The Parties represent that they have obtained the requisite authority to enter this Settlement Agreement in a manner that binds all Parties to its terms.

103.    The Parties specifically acknowledge, agree and admit that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents shall not (1) constitute, be construed, be offered, or received into evidence as an admission of the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (2) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

104.    The Parties also agree that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents entered in furtherance of this Settlement Agreement, and any acts in the performance of this Settlement Agreement, are not intended to establish grounds for certification of any class

involving any Settlement Class Member other than for certification of the Settlement Class for settlement purposes.

105.     This Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto, shall be inadmissible as evidence of any liability or wrongdoing whatsoever and shall not be offered as evidence of any liability or wrongdoing in any court or other tribunal in any state, territory, or jurisdiction, or in any manner whatsoever. Further, neither this Settlement Agreement, the Settlement contemplated by it, nor any proceedings taken under it, will be construed, offered, or received into evidence as an admission, concession, or presumption that class certification is appropriate, except to the extent necessary to consummate this Settlement Agreement and the binding effect of the Final Approval Order.

106.     The provisions of this Settlement Agreement, and any orders, pleadings or other documents entered in furtherance of this Settlement Agreement, may be offered or received in evidence solely (1) to enforce the terms and provisions hereof or thereof, (2) as may be specifically authorized by a court of competent jurisdiction after an adversary hearing upon application of a Party hereto, (3) in order to establish payment, or an affirmative defense of preclusion or bar in a subsequent case, (4) in connection with any motion to enjoin, stay, or dismiss any other action, and/or (5) to obtain court approval of the Settlement Agreement.

107.     This Settlement Agreement may be executed in one or more counterparts exchanged by hand, messenger, facsimile, or PDF as an electronic mail attachment. All executed counterparts and each of them shall be deemed to be one and the same instrument, provided that counsel for the Parties to this Settlement Agreement exchange signed counterparts.

108.     This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

109.     The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties hereby submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in this Settlement Agreement.

110.     This Settlement Agreement is deemed to have been prepared by counsel for all Parties as a result of arm's-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement and its Exhibits, it shall not be construed more strictly against one Party than another.

111.     As used in this Agreement, the masculine, feminine or neuter gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

112.     Unless otherwise stated herein, any notice required or provided for under this Settlement Agreement shall be in writing and shall be sent by electronic mail or hand delivery, as follows:

| If to Class Counsel: | If to Defendant's Counsel: |
|---|---|
| David K. Lietz<br>**MILBERG PLLC**<br>5335 Wisconsin Ave., NW, Suite 440<br>Washington, DC 20015<br>Phone: 866.252.0878<br>dlietz@milberg.com | John Babione<br>**CONSTANGY, BROOKS, SMITH &**<br>**PROPHETE LLP**<br>201 North Illinois Street<br>16th Floor, South Tower<br>Indianapolis, IN 46204<br>jbabione@constangy.com |
| A. Brooke Murphy<br>**MURPHY LAW FIRM**<br>4116 Will Rogers Pkwy, Suite 700<br>Oklahoma City, OK 73108<br>abm@murphylegalfirm.com | Troy Daniels<br>**CONSTANGY, BROOKS, SMITH &**<br>**PROPHETE LLP**<br>1650 Market Street, Suite 3600<br>Philadelphia, PA 19103<br>tdaniels@constangy.com |

113. This Settlement Agreement shall be deemed executed as of the date that the last party signatory signs the Agreement.

**[THE REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

**MILBERG PLLC**, as Class Counsel

By: _David Lietz_

Date: _7/8/2026_

**MURPHY LAW FIRM**, as Class Counsel

By: _[signature]_

Date: _7/8/2026_

**MCLEAN MORTGAGE CORPORATION**, Defendant

By: _____

Print Name: _____

Its: _____

Date: _____

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**, as Defendant's Counsel

By: _____

Print Name: _____

Date: _____

**IN WITNESS HEREOF**, the undersigned have caused this Settlement Agreement to be executed as of the dates set forth below.

**MILBERG PLLC**, as Class Counsel

By: _____

Date: _____

**MURPHY LAW FIRM**, as Class Counsel

By: _____

Date: _____

**MCLEAN MORTGAGE CORPORATION**, Defendant

By: _____

Print Name: Patrick Lewis

Its: President

Date: 7/8/2026

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**, as Defendant's Counsel

By: _____

Print Name: John Babione

Date: 07/09/2026

26

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

# EXHIBIT A

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2



# District Court for the Eastern District of Virginia

*In re McLean Data Breach Litigation*
Case No. 3:25-cv-00461

# NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

> **IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE OCTOBER 2024 <u>MCLEAN MORTGAGE CORPORATION</u> DATA BREACH, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS, AND ENTITLE YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

*A court has authorized this notice. This is not a solicitation from a lawyer.*
*You are not being sued.*
***Please read this Notice carefully and completely.***

- A Settlement has been reached with McLean Mortgage Corporation ("McLean" or "Defendant") in a class action lawsuit. This case is about the targeted cyberattack on McLean's computer systems that occurred in October 2024 (the "Data Breach"). Certain files that contained private information were potentially accessed. These files may have contained personal information such as names; Social Security numbers; driver's license numbers; financial account numbers; passport numbers; health insurance information; and other personally identifiable information that Defendant may have collected and maintained.

- The lawsuit is called *In re McLean Data Breach Litigation*, Case No. 3:25-cv-00461. It is pending in the District Court for the Eastern District of Virginia (the "Litigation").

- McLean denies that it did anything wrong, and the Court has not decided who is right.

- The parties have agreed to settle the lawsuit (the "Settlement") to avoid the costs and risks, disruptions, and uncertainties of continuing the Litigation.

- If you received notice of the Settlement or the Data Breach, McLean's records indicate that you are a Class Member and are entitled to benefits under the Settlement.

- Your rights are affected whether you act or don't act. ***Please read this Notice carefully and completely.***

---

*In re McLean Data Breach Litigation*                                                                    Page 1 of 10
<mark>«2DBarcode»</mark>                                                        SIMID: <mark>«SIMID»</mark> | CaseID: <mark>[CaseID]</mark>

**Questions? Call <mark>(XXX) XXX-XXXX</mark> Toll-Free or Visit <mark>www.[SettlementWebsite].com</mark>**

| SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | | DEADLINE |
|---|---|---|
| **SUBMIT A CLAIM** | The only way to receive benefits or payments from this Settlement is by submitting a valid and timely Claim Form.<br><br>The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download the Claim Form from the Settlement Website and mail it to the Settlement Administrator. You may also call or email the Settlement Administrator to receive a paper copy of the Claim Form. | _____, **2026** |
| **OPT OUT OF THE SETTLEMENT** | You can choose to opt out of the Settlement and receive no benefit or payment. This option allows you to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. You can hire your own lawyer at your own expense. | _____, **2026** |
| **OBJECT TO THE SETTLEMENT AND/OR ATTEND A HEARING** | If you do not opt out of the Settlement, you may object to it by writing to the Court about why you don't like the Settlement. You may also ask the Court for permission to speak about your objection at the Final Approval Hearing. If you object, you may also file a claim for Settlement benefits. | _____, **2026** |
| **DO NOTHING** | Unless you opt out of the Settlement, you are automatically part of the Settlement. If you do nothing, you will not receive benefits or payments from this Settlement and you will give up the right to sue, continue to sue, or be part of another lawsuit against the Defendant related to the legal claims resolved by this Settlement. | No Deadline |

- These rights and options—**and the deadlines to exercise them—**are explained in this Notice.

- The Court in charge of this case still has to decide whether to approve the Settlement.

---

*In re McLean Data Breach Litigation*
«2DBarcode»                                                                 Page 2 of 10
                                                   SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION ................................................................................................3
WHO IS IN THE SETTLEMENT .................................................................................4
THE SETTLEMENT BENEFITS.................................................................................4
SUBMITTING A CLAIM FORM FOR SETTLEMENT BENEFITS ...............................6
THE LAWYERS REPRESENTING YOU ....................................................................6
EXCLUDING YOURSELF FROM THE SETTLEMENT ...............................................7
COMMENTING ON OR OBJECTING TO THE SETTLEMENT....................................7
THE COURT'S FINAL APPROVAL HEARING ...........................................................8
IF I DO NOTHING .....................................................................................................9
GETTING MORE INFORMATION ..............................................................................9

# Basic Information

## 1. Why was this Notice issued?

The District Court for the Eastern District of Virginia, authorized this Notice. You have a right to know about the proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to grant final approval of the Settlement. This Notice explains the lawsuit, your legal rights, what benefits are available, and who can receive them.

The lawsuit is called *In re McLean Data Breach Litigation*, Case No. 3:25-cv-00461. It is pending in the District Court for the Eastern District of Virginia. The people that filed this lawsuit are called the "Plaintiffs" (or "Class Representatives") and the company they sued, McLean Mortgage Corporation, is called the "Defendant."

## 2. What is this lawsuit about?

This lawsuit alleges that during the October 2024 targeted cyberattack on McLean's computer systems, certain files that contained private information were potentially accessed. These files may have contained personal information such as names; Social Security numbers; driver's license numbers; financial account numbers; passport numbers; health insurance information; and other personally identifiable information that Defendant may have collected and maintained.

## 3. What is a class action?

In a class action, one or more individuals sue on behalf of other people with similar claims. These individuals are called the "Plaintiffs" or "Class Representatives." Together, the people included in the class action are called a "Class" or "Class Members." One court resolves the lawsuit for all Class Members, except for those who opt out from the settlement. In this Settlement, the Class Representatives are Jayaprakash Radhakrishnan; Micah Parks; and Priscilla Millberry. Everyone included in this Action are the Class Members.

## 4. Why is there a Settlement?

The Court did not decide whether the Plaintiffs or the Defendant are right. Both sides have agreed to a Settlement to avoid the costs and risks of a trial, and to allow the Class Members to receive benefits from the Settlement. The Plaintiffs and their attorneys think the Settlement is best for all Class Members.

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

# Who is in the Settlement?

## 5. Who is included in the Settlement?

The court has defined the Class this way: "All living persons residing in the United States whose PII was potentially compromised in the Data Incident experienced by McLean on or around October 17, 2024, including all persons who were sent a notice letter regarding the Data Incident." In this sentence, PII means Personally Identifiable Information.

## 6. Are there exceptions to being included?

Yes. Excluded from the Class are: (1) McLean's officers, directors, and entities in which McLean has a controlling interest; (2) McLean's affiliates, legal representatives, attorneys, successors, heirs, and assigns; and (3) the Judge in this case, and the Judge's family and staff.

If you are not sure whether you are a Class Member, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: (XXX) XXX-XXXX
- By mail: McLean Data Breach Settlement
  c/o Settlement Administrator
  [PO Box Number]
  Santa Ana, CA 92799-9958

You may also view the Settlement Agreement at www.[SettlementWebsite].com.

# The Settlement Benefits

## 7. What does the Settlement provide?

All Settlement Class Members are eligible to claim **Credit Monitoring and Identity Theft Protection** and one or more of the **cash payment** options. These benefits are described in more detail below.

**CREDIT MONITORING AND IDENTITY THEFT PROTECTION.** All Class Members are eligible to claim three years of CyEx Financial Shield Complete one-bureau credit monitoring. Visit www.[EnrollmentWebsite].com to enroll. Enrollment codes will be sent by email to all Class Members who claim this benefit. If you no longer have your enrollment code, please contact the Administrator. Your CyEx Financial Shield Complete subscription will become active once you enroll.

This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENT OPTIONS**

*In re McLean Data Breach Litigation*

«2DBarcode»

Page 4 of 10

SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

**Ordinary Documented Losses and Expenses.** If you incurred actual, <u>documented</u>, and unreimbursed out-of-pocket expenses due to the Data Breach, you can get back up to **$1,000.00**. The losses must have occurred between October 17, 2024, and [<mark>Claims Deadline</mark>].

This benefit covers out-of-pocket expenses like:

- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send proof, like receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Extraordinary Losses.** If you lost money because of identity theft or fraud, you can get back up to **$4,000.00**.

You will need to show that:

- the theft or fraud was directly caused by the Data Breach
- the losses are not already covered by **Out-of-Pocket Expenses**
- you tried to prevent the loss or get your money back, such as by using insurance you already have or requesting relief from your financial institution's consumer fraud policies

The losses must have occurred between October 17, 2024, and [<mark>Claims Deadline</mark>].

You need to send proof, like police reports, submitted insurance claims, or receipts, to show how much you spent or lost and that your loss was the result of actual fraud or identity theft. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Reimbursement for Lost Time.** Class Members who spent time responding to problems caused by the Data Breach may claim up to four hours, at $25.00 per hour, for a maximum of **$100.00**.

You must have spent the time on tasks related to the Data Breach. Some examples include things like:

- changing your passwords
- investigating suspicious activity in your accounts
- researching the Data Breach

If you claim *Ordinary Documented Losses and Expenses*, the combined total is capped at $1,000.00. You will need to sign a statement, under penalty of perjury, attesting that you spent the time claimed responding to issues raised by the Data Breach and reasonably describing how you spent that time.

**Alternative Cash Payment.** *Instead of any other payments*, you may claim a one-time **$45.00** cash payment. You do not have to provide any proof or explanation to claim this payment.

*In re McLean Data Breach Litigation*   Page 5 of 10
<mark>«2DBarcode»</mark>   SIMID: <mark>«SIMID»</mark> | CaseID: [<mark>CaseID</mark>]

**Questions? Call <mark>(XXX) XXX-XXXX</mark> Toll-Free or Visit <mark>www.[SettlementWebsite].com</mark>**

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: (XXX) XXX-XXXX
- By mail: McLean Data Breach Settlement
  c/o Settlement Administrator
  [PO Box Number]
  Santa Ana, CA 92799-9958

## 8. What claims am I releasing if I stay in the Class?

If you stay in the class, you won't be able to be part of any other lawsuit against McLean about the issues that this Settlement covers. The "Release" section of the Settlement Agreement (Section VI) describes the legal claims that you give up if you remain in the Class. The Settlement Agreement is available at www.[SettlementWebsite].com.

# Submitting a Claim Form for a Settlement Payment

## 9. How do I submit a claim for a Settlement benefit?

The fastest way to submit your Claim Form is online at www.[SettlementWebsite].com. If you prefer, you can download a printable Claim Form from the website and mail it to the Settlement Administrator at:

McLean Data Breach Settlement
c/o Settlement Administrator
[PO Box Number]
Santa Ana, CA 92799-9958

You may also contact the Settlement Administrator to request a Claim Form by telephone, toll free, (XXX) XXX-XXXX, by email info@[SettlementWebsite].com, or by U.S. mail at the address above.

## 10. Are there any important Settlement payment deadlines?

If you are submitting a Claim Form online, you must do so by [Claims Deadline]. If you are submitting a claim by U.S. mail, the completed and signed Claim Form, including supporting documentation, must be postmarked no later than [Claims Deadline].

## 11. When will the Settlement benefits be issued?

The Court will hold a final approval hearing on [FA Hearing Date] (*see* **Question 18**). If the Court approves the Settlement, there may be appeals. We do not know if appeals will be filed, or how long it will take to resolve them if they are filed.

Settlement payments will be distributed if the Court grants final approval, and after any appeals are resolved.

# The Lawyers Representing You

## 12. Do I have a lawyer in the case?

*In re McLean Data Breach Litigation*                    Page 6 of 10
«2DBarcode»                    SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

Yes, the Court has appointed attorneys David K. Lietz of Milberg, PLLC and A. Brooke Murphy of Murphy Law Firm, to represent you and other Class Members ("Class Counsel").

## 13. Should I get my own lawyer?

You will not be charged for Class Counsel's services. If you want your own lawyer, you may hire one at your expense.

## 14. How will Class Counsel be paid?

Class Counsel will ask the court to approve $250,000.00 as reasonable attorneys' fees and reimbursement of litigation costs. This amount will be paid by McLean.

Class Counsel will also ask for Service Award payments of $2,500.00 for each of the Class Representatives. Service Award payments will also be paid by McLean.

# Excluding Yourself from the Settlement

## 15. How do I opt out of the Settlement?

If you do not want to be part of the Settlement, you must formally exclude yourself from the Settlement. This is called a Request for Exclusion, and is sometimes also called "opting out." If you opt out, you will not receive Settlement benefits or payment. However, you will keep any rights you may have to sue McLean on your own about the legal issues in this case.

If you exclude yourself, you are telling the Court that you do not want to be part of the Settlement. You will not be eligible to receive any Settlement benefits if you exclude yourself.

The deadline to exclude yourself from the Settlement is **[Opt-Out Deadline]**.

To be valid, your Request for Exclusion must have the following information:

(1) the name of the Litigation: *In re McLean Data Breach Litigation*, Case No. 3:25-cv-00461, pending in the District Court for the Eastern District of Virginia;

(2) your full name, mailing address, telephone number, and email address (if any);

(3) your wet (written) signature; and

(4) the words "Request for Exclusion" or a clear and similar statement that you do not want to participate in the Settlement.

You may only exclude yourself—not any other person.

Mail your Request for Exclusion to the Settlement Administrator at:

McLean Data Breach Settlement
ATTN: Exclusion Request
[PO Box Number]
Santa Ana, CA 92799-9958

Your Request for Exclusion must be postmarked by **[Opt-Out Deadline]**.

*In re McLean Data Breach Litigation*
«2DBarcode»

Page 7 of 10
SIMID: «SIMID» | CaseID: [CaseID]

Questions? Call **(XXX) XXX-XXXX** Toll-Free or Visit **www.[SettlementWebsite].com**

# Commenting on or Objecting to the Settlement

## 16. How do I tell the Court if I like or do not like the Settlement?

If you are a Class Member and do not like part or all of the Settlement, you can object to it. Objecting means telling the Court your reasons for why you think the Court should not approve the Settlement. The Court will consider your views.

You cannot object if you have excluded yourself from the Settlement (*see* **Question 15**).

You must provide the following information for the Court to consider your objection:

(1)  the name of the Litigation: *In re McLean Data Breach Litigation*, Case No. 3:25-cv-00461, pending in the District Court for the Eastern District of Virginia;

(2)  your full name, mailing address, telephone number, and email address (if any);

(3)  a clear description of all the reasons you object, with any factual and legal support you may have for your objection; include any supporting materials, such as documents;

(4)  if you have objected in any other cases in the past four years, list the names, courts, and civil action numbers for each of those cases and provide copies of any orders related to or ruling upon your objections that were issued by the trial or appellate court(s) in those cases;

(5)  whether or not you would like to speak at the Final Approval Hearing;

(6)  if you are represented by an attorney, the name and telephone number of your attorney and, if your attorney or their law firm has objected in any other cases in the past four years, list the names, courts, and civil action numbers for each of those cases and provide copies of any orders related to or ruling upon your attorney's or their law firm's objections that were issued by the trial or appellate court(s) in those cases;

(7)  if you are represented by an attorney, whether your attorney intends to appear at the Final Approval Hearing;

(8)  the identity of any witnesses you may call to testify at the Final Approval Hearing and copies all exhibits you intend to introduce into evidence at the Final Approval Hearing; and

(9)  your wet (written) signature (if you have hired your own lawyer, their signature is not sufficient).

For your objection to be valid, it must meet each of these requirements.

To be considered by the Court, you must file your complete objection with the Clerk of Court by [**OBJECTION DATE**]. You must also mail a copy of the objection and any papers submitted in support of the objection to the Settlement Administrator postmarked by [**OBJECTION DATE**].

| Clerk of the Court | Settlement Administrator |
|---|---|
| Clerk of the Court<br>[Court Address] | McLean Data Breach Settlement<br>ATTN: Objections<br>[PO Box Number]<br>Santa Ana, CA 92799-9958 |

*In re McLean Data Breach Litigation*
«2DBarcode»
Page 8 of 10
SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

## 17. What is the difference between objecting and excluding?

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself from the Settlement. Excluding yourself from the Settlement is opting out and stating to the Court that you do not want to be part of the Settlement. If you opt out of the Settlement, you cannot object to it because the Settlement no longer affects you.

# The Court's Final Approval Hearing

## 18. When is the Court's Final Approval Hearing?

The Court will hold a final approval on **[FA Hearing Date] at [Hearing Time] Eastern Time**, in Room [Court Room] of the District Court for the Eastern District of Virginia, at [Court Address], or via Zoom or other virtual meeting platform at the Court's discretion.

At the final approval hearing, the Court will decide whether to approve the Settlement. The court will also decide how Class Counsel should be paid, and whether to award Service Award payments to the Class Representatives. The Court will also consider any objections to the Settlement.

If you are a Class Member, you or your lawyer may ask permission to speak at the hearing at your own cost (*See* **Question 16**).

The date and time of this hearing may change without further notice. Please check www.[SettlementWebsite].com for updates.

## 19. Do I have to come to the Final Approval Hearing?

No. Class Counsel will answer any questions the Court may have. You may attend at your own expense if you wish, but you do not have to.

If you file an objection, you do not have to come to the Final Approval Hearing to talk about it; the Court will consider it as long as it was filed on time. You may also pay your own lawyer to attend, but you do not have to.

# If I Do Nothing

## 20. What happens if I do nothing at all?

If you do nothing, you will not receive a benefit from this Settlement.

You will also give up the rights described in **Question 8**.

# Getting More Information

## 21. How do I get more information?

This Notice is a summary of the proposed Settlement. The full Settlement Agreement and other related documents are available at the Settlement Website, www.[SettlementWebsite].com.

If you have additional questions, you can ask for free help any time by contacting the Settlement Administrator at:

*In re McLean Data Breach Litigation*
«2DBarcode»

Page 9 of 10
SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

- Email: info@[SettlementWebsite].com
- Call toll free, 24/7: (XXX) XXX-XXXX
- By mail:  McLean Data Breach Settlement
             c/o Settlement Administrator
             [PO Box Number]
             Santa Ana, CA 92799-9958

You can obtain copies of publicly filed documents by visiting the office of the Clerk of the Court, [Court Address].

**DO NOT CONTACT THE COURT OR CLERK OF COURT REGARDING THIS SETTLEMENT**

*In re McLean Data Breach Litigation*                                                                                    Page 10 of 10
«2DBarcode»                                                                       SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

# EXHIBIT B

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

**TO:**       «Email Address»
**FROM:**     "McLean Data Breach Settlement" «info@[SettlementWebsite].com»
**SUBJECT:**  McLean Data Breach Settlement – You are Eligible to File a Claim

---

## LEGAL NOTICE

*In re McLean Data Breach Litigation*
Case No. 3:25-cv-00461
District Court for the Eastern District of Virginia

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE OCTOBER 2024
<u>MCLEAN MORTGAGE CORPORATION</u> DATA BREACH,
A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS,
AND ENTITLE YOU TO A <u>CASH PAYMENT</u>.**

*A court has authorized this notice. This is not a solicitation from a lawyer.
You are not being sued.*
***Please read this Notice carefully and completely.***

Dear «First» «Last»:

A Settlement has been reached with McLean Mortgage Corporation ("McLean") in a class action lawsuit about the October 2024 cyberattack on McLean's computers (the "Data Breach"). Files containing private information were potentially accessed.

McLean denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit ("Settlement") to avoid the risks, disruption, and uncertainties of continued litigation.

A copy of the Settlement is available at www.[SettlementWebsite].com.

**<u>Who is included in the Settlement?</u>** The Court has defined the class as: "All living persons residing in the United States whose PII was potentially compromised in the Data Incident experienced by McLean on or around October 17, 2024, including all persons who were sent a notice letter regarding the Data Incident." In this sentence, PII means Personally Identifiable Information.

The Court has appointed experienced attorneys, called Class Counsel, to represent the Class.

**<u>What are the Settlement benefits?</u>**
**First, y**ou can claim three years of one-bureau **Credit Monitoring and Identity Theft Protection**.

Enrollment codes will be sent by email to all Class Members who claim this benefit. Visit www.[EnrollmentWebsite].com to enroll. Your CyEx Financial Shield Complete subscription will become active once you enroll.

**Additionally**, if you spent time responding to problems caused by this incident, you can be reimbursed at a rate of $25 per hour for up to four hours (up to **$100**). If you have documented losses you can get back up to **$1,000** for unreimbursed out-of-pocket expenses and up to **$4,000** for fraud or identity theft losses. *Instead of any other cash payment*, you can get a one-time **$45** Alternative Cash Payment.

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

**How do I receive a benefit?** Visit www.[SettlementWebsite].com to submit your claim.

To receive a paper copy of the claim form and submit by US Mail, call (XXX) XXX-XXXX, or email your request to info@[SettlementWebsite].com. **Claims must be submitted online, mailed, or emailed by [Claims Deadline]**.

**What if I don't want to participate in the Settlement?** If you do not want to be legally bound by the Settlement, you must exclude yourself by [**Opt-Out Deadline**] or you will not be able to sue McLean for the claims made in this lawsuit or arising from the Data Breach. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by [**Objection Deadline**]. The Settlement Agreement, available on the Settlement website at www.[SettlementWebsite].com, explains how to exclude yourself or object.

**When will the Court decide whether to approve the Settlement?** The Court will hold a hearing in this case on [FA Hearing Date] at the [Court Address] or via Zoom or other virtual meeting platform at the Court's discretion, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorneys' fees and costs of up to $250,000.00, and Service Awards of $2,500.00 for Plaintiffs. You may attend the hearing at your own cost, but you do not have to.

This notice email is only a summary. For more information, call (XXX) XXX-XXXX or click here: **www.[SettlementWebsite].com**.

**Login ID:** «ClaimLoginID»
**PIN:** «ClaimLoginPIN»

*SIMID:* *«SIMID»*
*CaseID:* *[CaseID]*

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

# EXHIBIT C

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

N
c/o Settlement Administrator
P.O. Box _____
Santa Ana, CA 92799-9958

First-Class
Mail
US Postage
Paid
Permit #__

*In re McLean Data Breach Litigation*
Case No. 3:25-cv-00461

**IF YOUR PRIVATE INFORMATION WAS COMPROMISED IN THE OCTOBER 2024 <u>MCLEAN MORTGAGE CORPORATION</u> DATA BREACH, A PROPOSED CLASS ACTION SETTLEMENT MAY AFFECT YOUR RIGHTS AND ENTITLE YOU TO BENEFITS AND A <u>CASH PAYMENT</u>.**

LoginID: «ClaimLoginID»
PIN: «ClaimLoginPIN»

Postal Service: Please do not mark barcode

«IMbFullBarcodeEncoded»

«FirstName» «LastName»
«Address1» «Address2»
«City», «State» «Zip»

*A court has authorized this Notice.*

*This is <u>not</u> a solicitation from a lawyer.*

*You are <u>not</u> being sued.*

**This notice is only a summary. Visit www.[SettlementWebsite].com or scan this QR code for complete information.**



QR
code

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

Wl reached with McLean Mortgage Corporation ("McLean") in a class action lawsuit. The case is about the October 2024 cyberattack on McLean's computers (the "Data Breach"). Files containing private information were potentially accessed. McLean denies that it did anything wrong, and the Court has not decided who is right. The parties have agreed to settle the lawsuit ("Settlement") to avoid the risks, disruption, and uncertainties of continued litigation. A copy of the Settlement is available online.

**Who is included in the Settlement?** The Court has defined the class as: "All living persons residing in the United States whose PII was potentially compromised in the Data Incident experienced by McLean on or around October 17, 2024, including all persons who were sent a notice letter regarding the Data Incident." In this sentence, PII means Personally Identifiable Information.

The Court has appointed experienced attorneys, called "Class Counsel," to represent the Class.

**What are the Settlement benefits?** First, you can claim three years of one-bureau **Credit Monitoring and Identity Theft Protection**.

Enrollment codes will be sent by email to all Class Members who claim this benefit. Visit www.[EnrollmentWebsite].com to enroll. Your CyEx Financial Shield Complete subscription will become active once you enroll.

**Additionally**, if you spent time responding to problems caused by this incident, you can be reimbursed at a rate of $25 per to **$100**). If you have documented losses, you can get back up to **$1,000** for unreimbursed out-of-pocket expenses and up to **$4,000** for fraud or identity theft losses. *Instead of any other cash payment,* you can get a one-time **$45** Alternative Cash Payment. Full details and instructions are available at www.[SettlementWebsite].com.

**How do I receive a benefit?** You must file your claim online or by mail. For a full paper Claim Form call **(XXX) XXX-XXXX**. **Claims must be submitted online or postmarked by [Claims Deadline]**.

**What if I don't want to participate in the Settlement?** If you do not want to be part of the Settlement, you must exclude yourself by **[Opt-Out Deadline]** or you will not be able to sue McLean for the claims made in this lawsuit or arising from the Data Breach. If you exclude yourself, you cannot get benefits from this Settlement. If you want to object to the Settlement, you may file an objection by **[Objection Deadline]**. The Settlement Agreement, available online, explains how to exclude yourself or object.

**When will the Court approve the Settlement?** The Court will hold a hearing in this case on **[FA Hearing Date]** at the **[Court Address]**, to consider whether to approve the Settlement. The Court will also consider Class Counsel's request for attorneys' fees and costs of up to $250,000, and Service Awards of $2,500 for each of the Plaintiffs. You may attend the hearing at your own cost, but you do not have to.

**This notice is only a summary. Visit the settlement website online or scan this QR code for complete information.**



www.[SettlementWebsite].com

CaseID: [CaseID]
SIMID: «SIMID»

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

# EXHIBIT D

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

# CLAIM FORM AND RELEASE



## DISTRICT COURT FOR THE EASTERN DISTRICT OF VIRGINIA

*In re McLean Data Breach Litigation*
Case No. 3:25-cv-00461

McLean Data Breach Settlement
P.O. Box [PO Box Number]
Santa Ana, CA 92799

(XXX) XXX-XXXX
info@[SettlementWebsite].com
www.[SettlementWebsite].com

**TO BE ELIGIBLE TO RECEIVE BENEFITS FROM THIS SETTLEMENT,
YOU MUST BE A SETTLEMENT CLASS MEMBER.**

The court has defined the Class this way: "All living persons residing in the United States whose PII was potentially compromised in the Data Incident experienced by McLean on or around October 17, 2024, including all persons who were sent a notice letter regarding the Data Incident." In this sentence, PII means Personally Identifiable Information.

**Excluded from the Settlement Class** are: (1) McLean's officers, directors, and entities in which McLean has a controlling interest; (2) McLean's affiliates, legal representatives, attorneys, successors, heirs, and assigns; and (3) the Judge in this case, and the Judge's family and staff.

You may submit your Claim Form through the Settlement Website, www.[SettlementWebsite].com, or by completing and signing this Claim Form.

 | **Claims must be received by [Claims Deadline].** |

Paper Claim Forms must be mailed through the United States Postal Service, so that they are received by the Claims Administrator **no later than [Claims Deadline]**. Please mail to:

Claims Administrator
McLean Data Breach Settlement
P.O. Box [PO Box Number]
Santa Ana, CA 92799

**Do not mail or deliver your Claim Form to the Court, the Settling Parties, or their counsel.**

## GENERAL INFORMATION

1. Complete information about the proposed Settlement is available at ww.[SettlementWebsite].com.

2. If you submitted a request to be excluded from the Settlement, do not submit a claim.

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

3. Submit only <u>one</u> Claim Form, online or paper, per person.

## AVAILABLE BENEFITS

All Settlement Class Members are eligible to claim **Credit Monitoring and Identity Theft Protection** and one or more of the **cash payment** options. These benefits are described in more detail below.

**CREDIT MONITORING AND IDENTITY THEFT PROTECTION.** All Class Members are eligible to claim three years of CyEx Financial Shield Complete one-bureau credit monitoring. Visit www.[EnrollmentWebsite].com to enroll. Enrollment codes will be sent by email to all Class Members who claim this benefit. If you no longer have your enrollment code, please contact the Administrator.

Your CyEx Financial Shield Complete subscription will become active once you enroll.

This comprehensive service comes with $1 million of financial fraud insurance, and includes monitoring for:

- fraud or identity theft
- unauthorized financial transactions
- personal information associated with high-risk transactions

If anything suspicious happens, you will be able to talk to a fraud resolution agent to help fix any problems.

**CASH PAYMENT OPTIONS**

**Ordinary Documented Losses and Expenses.** If you incurred actual, <u>documented</u>, and unreimbursed out-of-pocket expenses due to the Data Breach, you can get back up to **$1,000.00**. The losses must have occurred between October 17, 2024, and [Claims Deadline].

This benefit covers out-of-pocket expenses like:

- fees for credit reports, credit monitoring, or freezing and unfreezing your credit
- cost to replace your IDs
- postage to contact banks by mail

You need to send proof, like receipts, to show how much you spent or lost. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Extraordinary Losses.** If you lost money because of identity theft or fraud, you can get back up to **$4,000.00**.

You will need to show that:

- the theft or fraud was directly caused by the Data Breach
- the losses are not already covered by **Out-of-Pocket Expenses**

*In re McLean Data Breach Litigation*
Page 2 of 8
«2DBarcode»
SIMID: «SIMID» | CaseID: [CaseID]

Questions? Call **(XXX) XXX-XXXX** Toll-Free or Visit **www.[SettlementWebsite].com**

- you tried to prevent the loss or get your money back, such as by using insurance you already have or requesting relief from your financial institution's consumer fraud policies

The losses must have occurred between October 17, 2024, and [Claims Deadline].

You need to send proof, like police reports, submitted insurance claims, or receipts, to show how much you spent or lost and that your loss was the result of actual fraud or identity theft. You can also send notes or papers you made yourself to explain or support other proof, but those notes or papers alone <u>are not enough</u> to make a valid claim. Your proof or notes should show that your expenses were because of the Data Incident.

You cannot claim a payment for expenses that have already been reimbursed by a third party.

**Reimbursement for Lost Time.** Class Members who spent time responding to the Data Breach may claim up to four hours, at $25.00 per hour, for a maximum of **$100.00**.

You must have spent the time on tasks related to the Data Breach. Some examples include things like:

- changing your passwords
- investigating suspicious activity in your accounts
- researching the Data Breach

If you claim *Ordinary Documented Losses and Expenses*, the combined total is capped at $1,000.00. You will need to sign a statement, under penalty of perjury, attesting that you spent the time claimed responding to issues raised by the Data Breach and reasonably describing how you spent that time.

**Alternative Cash Payment.** *Instead of any other payments*, you may claim a one-time **$45.00** cash payment. You do not have to provide any proof or explanation to claim this payment.

If you have questions about these benefits, you can ask for free help any time by contacting the Settlement Administrator at:

| | |
|---|---|
| Online: | www.[SettlementWebsite].com |
| By email: | info@[SettlementWebsite].com |
| By toll-free call: | (XXX) XXX-XXXX |
| By mail: | Claims Administrator<br>McLean Data Breach Settlement<br> c/o Settlement Administrator<br>[PO Box Number]<br>Santa Ana, CA 92799-9958 |

 **THE MOST EFFICIENT WAY TO SUBMIT YOUR CLAIMS IS ONLINE AT www.[SettlementWebsite].com**

You may also print out and complete this Claim Form, and submit it by U.S. mail.

*In re McLean Data Breach Litigation* — Page 3 of 8
«2DBarcode» — SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

 **Claims must be received by [Claims Deadline].**

If your contact information changes after you submit your claim, notify the Claims Administrator.

---

*In re McLean Data Breach Litigation*     Page 4 of 8
«2DBarcode»     SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

## I. CLASS MEMBER NAME AND CONTACT INFORMATION

Please complete this entire section. The Claims Administrator will use this information to get in touch with you regarding your claim. If you contact information changes after you submit your claim, notify the Claims Administrator. **Please write legibly.**

**Class Member First Name**                                                                                             **MI**

**Class Member Last Name**

**Entity Name (if Class Member is not an individual)**

**Address 1 (street name and number)**

**Address 2 (apartment, unit, or box number)**

**City**                                                                      **State**      **ZIP**

**Email Address**

**Telephone Number**

**Login ID (if known)**

---

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

## II. CREDIT MONITORING AND IDENTITY THEFT PROTECTION

☐ Check this box if you would like to enroll in three years of one-bureau Credit Monitoring and Identity Theft Protection from CyEx Financial Shield Complete. An enrollment code will be emailed to the email address you provided in Section I.

## III. ORDINARY DOCUMENTED LOSSES AND EXPENSES

☐ Check this box if you would like to claim reimbursement for <u>documented</u> and unreimbursed out-of-pocket expenses. You can get back up to $1,000.00. **DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING PAYMENTS FROM SECTION VI**.

*Please complete the table below, describing the supporting documentation you are submitting.*

| Description of Documentation Provided | Amount |
|---|---|
| *Example: Fee for credit report* | *$40* |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| **TOTAL CLAIMED:** | |

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

## IV. EXTRAORDINARY LOSSES

☐ Check this box if you would like to claim reimbursement for <u>documented</u> and unreimbursed losses due to identity theft or fraud. You can get back up to $4,000.00. **DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING PAYMENTS FROM SECTION VI**.

*Please complete the table below, describing the supporting documentation you are submitting.*

| Description of Documentation Provided | Amount |
|---|---|
| *Example: Unauthorized bank transfer* | *$500* |
| | |
| | |
| | |
| | |
| | |
| | |
| **TOTAL CLAIMED:** | |

*In re McLean Data Breach Litigation*
«2DBarcode»

Page 6 of 8
SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

If you have more expenses than rows, you may attach additional sheets of paper to account for them. Please print your name and sign the bottom of each additional sheet of paper.

## V. REIMBURSEMENT FOR LOST TIME

If you spent time responding to problems caused by Data Breach, please select how many hours (up to four) you spent. **DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING PAYMENTS FROM SECTION VI**.

I spent (select only **one**):  ☐ 1 hour ($25.00)  ☐ 2 hours ($50.00)

☐ 3 hours ($75.00)  ☐ 4 hours ($100.00)

Please describe how you spent that time:

_____

_____

_____

If you claim Ordinary Documented Losses and Expenses (Section III, above), the combined total is capped at $1,000.00.

## VI. ALTERNATIVE CASH PAYMENT

☐ Check this box if you want to claim a one-time $45.00 cash payment. **DO NOT CLAIM THIS BENEFIT IF YOU ARE CLAIMING PAYMENTS FROM SECTION III, IV, OR V**.

*In re McLean Data Breach Litigation*
«2DBarcode»
Page 7 of 8
SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

## VII. PAYMENT SELECTION

Please select **one** of the following payment options, which will be used if you are claiming a cash payment.

☐ **PAYPAL**
Email address associated with your PayPal account, if different than you provided in Section I:

☐ **VENMO**
Telephone number associated with your Venmo account, if different than you provided in Section I:

☐ **ZELLE**
Email address associated with your PayPal account, if different than you provided in Section I:

OR

Telephone number associated with your Zelle account, if different than you provided in Section I:

☐ **VIRTUAL PREPAID CARD**
Email address where you want to receive your prepaid card, if different than you provided in Section I:

☐ **PHYSICAL CHECK**
Payment will be mailed to the address provided in Section I.

## VIII. ATTESTATION AND SIGNATURE

I swear and affirm on penalty of perjury that the information provided in this Claim Form, including supporting documentation, is true and correct to the best of my knowledge. I understand that my claim is subject to verification and that I may be asked to provide supplemental information by the Settlement Administrator before my claim is considered complete and valid.

Class Member Signature

|  | MM | DD | YY |

Please print or type your name on the line above.

*In re McLean Data Breach Litigation*
«2DBarcode»
Page 8 of 8
SIMID: «SIMID» | CaseID: [CaseID]

**Questions? Call (XXX) XXX-XXXX Toll-Free or Visit www.[SettlementWebsite].com**

Docusign Envelope ID: 8DA47599-ABCC-88E1-8189-DC2DEEA4A8B2

# EXHIBIT E

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| *IN RE: MCLEAN DATA BREACH LITIGATION.* | Case No. 3:25-cv-00461-RCY |

**[PROPOSED] PRELIMINARY APPROVAL ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Preliminary Approval and to Direct Notice of Proposed Settlement to the Class **(Doc. No. ____)** (the "Motion"), the terms of which are set forth in a Settlement Agreement between Plaintiffs and McLean Mortgage Corporation ("Defendant," and, together with Plaintiffs, the "Parties"), with accompanying exhibits attached to Plaintiffs' Memorandum of Law in Support of the Motion (the "Settlement Agreement").[1]

Having fully considered the issue, the Court hereby **GRANTS** the Motion and **ORDERS** as follows:

1.      **Class Certification for Settlement Purposes Only.** The Settlement Agreement provides for a Settlement Class defined as follows:

> All living persons residing in the United States whose PII was potentially compromised in the Data Incident experienced by McLean on or around October 17, 2024, including all persons who were sent a notice letter regarding the Data Incident.

Excluded from the Class are: (1) any officer, director, or entity in which McLean has a controlling interest, (2) the affiliates, legal representatives, attorneys, successors, heirs, and assigns of McLean, and (3) the judiciary to whom this case is assigned, their families and members of their staff. Settlement Agreement ¶ 53. The proposed Class consists of approximately 30,453

---

[1] All defined terms in this Order Granting Preliminary Approval of Class Action Settlement ("Preliminary Approval Order") have the same meaning as set forth in the Settlement Agreement, unless otherwise indicated.

2

individuals, each of whom was identified by Defendant as having their Private Information potentially affected by the Data Incident.

2. Pursuant to Fed. R. Civ. P. 23, the Court finds giving notice to the Settlement Class is justified. The Court finds it will likely be able to approve the proposed Settlement as fair, reasonable, and adequate. The Court also finds it will likely be able to certify the Settlement Class for purposes of judgment on the Settlement because it meets all requirements of Rule 23.

3. Specifically, the Court provisionally finds for settlement purposes only that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members would be impracticable; (b) there are issues of law and fact that are common to the Settlement Class; (c) the claims of the Class Representatives are typical, and the Class Representatives seek similar relief as the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) questions of law or fact common to Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action and class settlement is superior to other methods available for a fair and efficient resolution of this litigation.

4. **Settlement Class Representatives and Settlement Class Counsel**. The Court finds that Plaintiffs Jayaprakash Radhakrishnan, Micah Parks, and Priscilla Millberry will likely satisfy the requirements of Rule 23(a) and should be appointed as the Class Representatives. Additionally, the Court finds David K. Lietz of Milberg, PLLC and A. Brooke Murphy of Murphy Law Firm will likely satisfy the requirements of Rule 23(a) and should be appointed as Class Counsel.

5. **Preliminary Settlement Approval.** Upon preliminary review, the Court finds the Settlement is fair, reasonable, and adequate to warrant providing notice of the Settlement to the Settlement Class and accordingly the Settlement is preliminarily approved. In making this

determination, the Court has considered the monetary and non-monetary benefits provided to the Settlement Class through the Settlement, the specific risks faced by the Settlement Class in prevailing on their claims, the good faith, arms' length negotiations between the Parties and absence of evidence of collusion in the Settlement, the effectiveness of the proposed method for notifying and distributing relief to the Settlement Class, the proposed manner of allocating benefits to Settlement Class Members, the equitable treatment of the Settlement Class Members under the Settlement, and all of the other factors required by Rule 23 and relevant case law.

6. **<u>Jurisdiction</u>.** The Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2) and personal jurisdiction over the parties before it. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1).

7. **<u>Final Approval Hearing</u>.** A Final Approval Hearing shall be held on _____, 202\_\_, at 701 East Broad Street, Richmond, VA 23219 or via Zoom or other virtual platform at Court's discretion, where the Court will determine, among other things, whether: (a) the Settlement Class should be finally certified for settlement purposes; (b) the Settlement should be approved as fair, reasonable, and adequate, and finally approved; (c) this action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (d) Settlement Class Members (who have not timely and validly excluded themselves from the Settlement) should be bound by the releases set forth in the Settlement Agreement; (e) the application of Class Counsel for an award of attorneys' fees, costs, and expenses should be approved; (f) the Action should be dismissed with prejudice; and (g) the application of the Class Representatives for a Service Award should be approved.

8. **<u>Settlement Administrator</u>.** The Court appoints Simpluris, Inc. as the Settlement Administrator, with responsibility for class notice and settlement administration. The

Settlement Administrator is directed to perform all tasks the Settlement Agreement requires. The Settlement Administrator's fees will be paid pursuant to the terms of the Settlement Agreement.

9. **Notice**. The proposed notice program set forth in the Settlement Agreement and the Notices and Claim Form attached to the Settlement Agreement as **Exhibits A, B, C, and D** are hereby approved. Non-material modifications to these Exhibits consistent with this Order may be made by the Settlement Administrator in consultation and agreement with the Parties, and without further order of the Court.

10. **Findings Concerning Notice**. The Court finds that the proposed form, content, and method of giving Notice to the Settlement Class as described in the Settlement Agreement and its exhibits: (a) will constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the proposed Settlement, and their rights under the proposed Settlement, including, but not limited to, their rights to object to or exclude themselves from the proposed Settlement and to claim benefits provided under the terms of the Settlement Agreement; (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members; (d) meet all applicable requirements of law, including Rule 23; and (e) meet the requirements of the Due Process Clause(s) of the United States Constitution. The Court further finds that the Notice provided for in the Settlement Agreement is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

The Settlement Administrator is directed to carry out the Notice program in conformance with the Settlement Agreement.

11. **Exclusion from Class**. Any Settlement Class Member who wishes to be excluded from the Settlement Class must individually sign and timely submit a written request to the

designated address established by the Settlement Administrator in the manner provided in the Notice. The written request must clearly manifest a person's intent to be excluded from the Settlement Class, as set forth in the Settlement Agreement, and must be submitted individually, i.e., one request is required for every Settlement Class Member seeking exclusion. To be effective, such requests for exclusion must be postmarked no later than the Objection/Exclusion Deadline, which is no later than sixty (60) days from the Notice Date, and as stated in the Notice.

If a Final Approval Order and Judgment is entered, all Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of this Settlement Agreement and the Final Approval Order and Judgment. All Persons who submit valid and timely requests to be excluded from the Settlement Class shall not receive any cash benefits of and/or be bound by the terms of the Settlement Agreement.

12. **Objections and Appearances**. A Settlement Class Member (who does not submit a timely written request for exclusion) desiring to object to the Settlement Agreement may submit a timely written objection by the Objection/Exclusion Deadline and as stated in the Notice. The Notice shall instruct Settlement Class Members who wish to object to the Settlement Agreement to file their objections with the Court by the Objection/Exclusion Deadline, with copies mailed to the Settlement Administrator and postmarked by the Objection/Exclusion Deadline. Any such objections to the Settlement Agreement must be written and must include all of the following: (1) the objector's full name, address, current telephone number, and email address (if any); (2) the name and number of this case; (3) all grounds for the objection, with factual and legal support for the stated objection, including any supporting materials; (4) the identification of any other objections the objector has filed, or has had filed on his/her behalf, in any other class action cases

6

in the last four years, including the caption of each case in which the objector has made such objections and a copy of any orders related to or ruling upon the objector's prior objections that were issued by the trial and/or appellate courts in each such case; (5) whether the objector intends to appear at the Final Approval Hearing; and (6) the objector's wet signature (an attorney's signature is not sufficient). If represented by counsel, the objecting Settlement Class Member must also provide the name and telephone number of his/her counsel, the identification of any other objections his/her counsel and/or counsel's law firm has filed in any other class action cases in the last four years, including the caption of each case in which the objector's counsel or counsel's law firm has made such objections and a copy of any orders related to or ruling upon the objector's counsel's and/or counsel's law firm's prior objections that were issued by the trial and/or appellate courts in each such case. If the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, he/she must state as such in the written objection, and must also identify any witnesses he/she may call to testify at the Final Approval Hearing and all exhibits he/she intends to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

13.     To be timely, written notice of an objection must be filed with the Clerk of Court and mailed to the Settlement Administrator by the Objection/Exclusion Deadline, which is no later than (60) days after the Notice Date.

14.     Any Settlement Class Member who fails to comply with the requirements for objecting shall waive and forfeit any and all rights he or she may have to appear separately and/or to object to the Settlement Agreement, shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders, and judgments in the Action, and shall be precluded from seeking any review of the Settlement Agreement and/or Final Approval Order and Judgment by appeal or

other means. The provisions stated in the Settlement Agreement shall be the exclusive means for any challenge to the Settlement Agreement. Any challenge to the Settlement Agreement or the Final Approval Order and Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

15. **Claims Process**. Settlement Class Counsel and Defendants have created a process for Settlement Class Members to claim benefits under the Settlement. The Court preliminarily approves this process and directs the Settlement Administrator to make the Claim Form or its substantial equivalent available to Settlement Class Members in the manner specified in the Notice and the Settlement Agreement.

The Settlement Administrator will be responsible for effectuating the claims process.

Settlement Class Members who qualify for and wish to submit a Claim Form shall do so in accordance with the requirement and procedures specified in the Notice, the Claim Form, and the Settlement Agreement. If the Final Approval Order and Judgment is entered, all Settlement Class Members who qualify for any benefit under the Settlement but fail to submit a claim in accordance with the requirements and procedures specified in the Notice, the Claim Form, and the Settlement Agreement shall be forever barred from receiving any such benefit, but will in all other respects be subject to and bound by the provisions in the Final Approval Order and Judgment, including the releases contained therein.

16. **Termination of Settlement**. This Preliminary Approval Order shall become null and void and shall be without prejudice to the rights of the Parties and of no force or effect if: (a) the Court does not enter this Preliminary Approval Order; (b) Settlement is not finally approved by the Court or is terminated in accordance with the Settlement Agreement; or (c) the Effective Date does not occur. In such event, (i) the Parties shall be restored to their respective positions in

8

the Action prior to execution of the Settlement Agreement and shall jointly request all scheduled Action deadlines be reasonably extended by the Court to avoid prejudice to any Party or Party's counsel; (ii) the terms and provisions of the Settlement Agreement shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and (iii) any judgment or order entered by the Court in accordance with the terms of the Settlement Agreement shall be treated as vacated, *nunc pro tunc.*

17.     **Use of Order**. This Preliminary Approval shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, liability, or the propriety of certifying any class in the Action. Nor shall this Preliminary Approval Order be (i) construed or used as an admission, concession, or declaration by or against the Class Representatives or any other Settlement Class Member that his or her claims lack merit or that the relief requested is inappropriate, improper, unavailable, or (ii) as a waiver by any Party of any defense or claims they may have in this Action or in any other lawsuit.

18.     **Continuance of Hearing**. The Court reserves the right to adjourn or continue the Final Approval Hearing and related deadlines without further written notice to the Settlement Class. If the Court alters any of those dates or times, the revised dates and times shall be posted on the Settlement Website maintained by the Settlement Administrator. The Court may approve the Settlement, with such modifications as may be agreed upon by the Parties, if appropriate, without further notice to the Settlement Class.

19.     **Stay of Litigation.** All proceedings in the Action, other than those related to approval of the Settlement Agreement, are hereby stayed.

20.     **Schedule and Deadlines**. The Court orders the following schedule of dates for the specified actions/further proceedings:

9

| Event | Timing |
|---|---|
| Deadline for Defendants to provide Settlement Class List to Settlement Administrator pursuant to the Settlement Agreement | 10 days after entry of this Order |
| Notice Program Commencement ("Notice Date") | 30 days after entry of this Order |
| Deadline for Class Counsel to file motion for attorneys' fees, costs, expenses and service awards | 14 days before Objection/Exclusion Deadline |
| Objection/Exclusion Deadline | 60 days after the Notice Date |
| Claims Deadline | 90 days after the Notice Date |
| Deadline for Plaintiffs to file motion for final approval of settlement and responses to any timely submitted Class Member objections, which shall include a declaration from the Claims Administrator confirming execution of and compliance with its obligations in the Settlement Agreement as of the date of the declaration and identifying all Settlement Class Members who submitted timely requests for exclusion | At least 14 days prior to Final Approval hearing |
| Final Approval Hearing | _____, 2026 at __: __ _.m. in Courtroom ____ or Via Zoom or other virtual platform at Court's discretion.<br>[No earlier than 125 days after entry of this Order] |

IT IS SO ORDERED

_____          _____

Dated                                    Judge

10